ROGERS, ADM'R, AND OTHERS v. FROST'S ADM'R.

Where one purporting to act as the attorney for another, executes a deed in his own name, the deed will be sustained, if the person executing had authority to make a proper deed.

Appeal from Anderson. The deed from Cravens to Hanks was as follows, to wit: Know all men, &c., that I, John E. Cravens, attorney in fact for George Dwight, of the county of Houston, have this day, for and in consideration of the sum of two hundred dollars to me in hand paid, the receipt whereof is hereby acknowledged, the same having been paid to my principal, bargained, &c. &c. &c., to have and to hold said land free from the claim of myself, my heirs, and assigns forever, to him

the said George W. Hanks, his heirs and assigns for ever.    In testimony whereof I have hereto set my hand and seal this the 29th December., A. D. 1851.

JOHN E. CRAVENS.    [L. S.]

*G. F. Moore*, for appellant Rogers.    Though it is perhaps almost universally held, that unless the deed is executed in the name of the principal, it will not vest the legal title in the purchaser, yet this will be found to be the rule at law, and where the form of action required a legal title to support .it, while in equity (which would be sufficient under our system to sustain our answer) it would entitle the purchaser to relief by having the legal title decreed to him.    (1 Story's Eq. Sec. 171–2–3 ; 2 Sug. Vend. p. 512–3–4 ; Story on Agency, Sec. 148, 160 ; Terly v. Grigsby, 9 Leigh, 378 ; McNaughten v. Patridge, 11 Ohio (Stanton's) R. 223 ; and particularly Edmondson v. Orr, 12 Smedes & Marsh. 541 ; Dart on Vendors, 394, and notes and authorities there referred to ; Sug. on Powers, 100, 135, 142 and 517 ; 4 Kent's Com. 344 ; Hill on Trustees, 700 ; Leading cases in Equity, p. 211 *et seq.* and particularly 218.)

LIPSCOMB, J.    This suit was brought by the administrator of Frost, to set aside certain deed by Frost and wife to Dwight and Slaughter.    Rogers, the administrator of Hanks, on his application to the Court, was permitted to intervene, and he set up the right of his intestate to a portion of the land purchased by his intestate from Dwight, without notice that the sale of the land to Dwight and Slaughter had been rescinded, and he showed title under a conveyance made by Cravens, purporting to act as attorney for Dwight, but executing it in his own name.    The claim of intervention was demurred to by the plaintiff, and the demurrer sustained, and his claim dismissed. There was a decree for the plaintiff, and the defendants, together with Rogers, the administrator of Hanks, appealed.

There has been no brief filed by any of the parties appealing, except by the administrator of Hanks, and I have found no brief or argument on the part of the appellees. And possibly the record may not be correctly understood. But, as it is suggested that the ruling of the Court below, in dismissing the claim of the interpleader, Rogers, was based upon the supposed nullity of the deed from Cravens, assuming to act for Dwight, we believe the Court erred. Because, although the deed may have been defective and even void at common law, yet if the power from Dwight to Cravens to sell, was good, a Court would sustain the sale, although the deed was not a legal execution of the power. It is a well settled principle, that although Chancery will not sustain a defective power, it will sustain a defective execution of a valid power. If this was the ground of the decision of the Court, and we can perceive no other, the Court erred, and the judgment and decree, so far as it relates to the interest of the estate of Hanks, interposed by his administrator, Rogers, is reversed and remanded, and it is affirmed as to the other parties.

Ordered accordingly.