RENFRO v. HULING.

(No. 1749.)

FRAUD — SALE OF LAND.— *Held*, where there is evidence of a misrepresentation, relief should be granted injured party.

APPEAL from Lampasas county. Opinion by WATTS, J.

STATEMENT.— Suit by appellee to recover a balance due on promissory note given for certain land in which a vendor's lien was reserved. Appellant admitted executing the note, etc., but alleged that he purchased the land by the acre, and that there was not that number of acres in the land sold to him; also that appellee represented that there were one thousand acres of valley land in the tract,

when, in fact, there were but five hundred acres. Some hours before court opened appellant's attorney submitted a supplemental answer to appellee's attorney, who led the former to believe that there would be no objection to filing it. When the case was called appellee announced ready, and appellant asked leave to file his supplemental answer, which averred mutual mistake of both parties as to the quantity and quality of land, and asked relief on this account. The court refused the request.

OPINION.— Held, the allowance or refusal of the court as to filing amendments rests largely in the discretion of the court, and while the appellate courts are strongly disinclined to revise the exercise of that discretion, yet such exercise must be according to law or it will be revised. Under the circumstances of this case the amendment should have been allowed to be filed. The deed in this case, unaided by extrinsic evidence, shows a sale in gross, the quantity of land being but a matter of description. Held, in sales of land, though it might appear from a construction of the deed to be a sale in gross, yet, if in fact it was a sale by the acre, and so understood by the parties, and there is an unreasonable deficit, relief will be extended to the injured party unless he has in some way waived or forfeited his equity. 29 Tex., 312; 44 Tex., 455. The court's charge submitted the issue as to the deficit in the tract, but not that as to the valley land, and it was error to refuse the special instruction asked covering this omission.

REVERSED AND REMANDED.