J. O. MOSTELLER v. J. P. ASTIN.

Decided June 4, 1910.

**1.—Deed—Sale in Gross—Shortage in Acreage.**

When a deed evidences a sale of land in gross or bulk with no warranty of acreage and it is not alleged that there was fraud, accident or mistake in the preparation of the deed, parol evidence is inadmissible in defense to an

action by the vendor to recover the purchase money to show that the purchaser bought the land by the acre and not in bulk.

### 2.—Vendor and Vendee—Failure of Title—Pleading.

In a suit by a vendor against the purchaser to recover part of the purchase money of land, an answer by the defendant that the plaintiff did not have possession of a certain part of the land conveyed, had never had possession of same, had never placed defendant in possession of the same, and that said part was adversely held by another under a superior title, would be subject to special exception on the ground that it failed to allege the name of the adverse claimant, or show the nature of said superior title, or the character and the length of time of the adverse holding.

### 3.—Same—Covenant of Warranty—Effect.

The general covenant of warranty in a conveyance of land applies to the title and not to the quantity of the land, hence such covenant is not broken by a deficit in the number of acres named in the deed, even though the land may have been sold by the acre.

### 4.—Same—Deed—Sale in Bulk—Shortage.

Where a deed shows upon its face that the land therein described is sold in bulk, and there is a material error in the quantity of the land conveyed, parol evidence is admissible to show the shortage and that the land was in fact sold by the acre, only when fraud, accident or mistake in drawing the deed is alleged.

### 5.—Verdict and Judgment—Defective Pleading.

A verdict and judgment, however well sustained by the evidence, can not stand when based upon a pleading subject to special exception.

### 6.—Promissory Note—Agreement to Pay Attorney's Fee.

While a stipulation in a promissory note to pay attorney's fee is a mere contract of indemnity, still, when the holder of such note employs an attorney and contracts to pay him the amount stipulated therein for his services in collecting the note, the maker can not defeat his liability therefor on the ground that said amount is unreasonable, in the absence of allegation and proof of fraud or mistake in making the note or of fraud against the maker in the contract between the holder and his attorney.

### 7.—Same.

Evidence considered and held insufficient to show fraud or bad faith on the part of the holder of a promissory note in agreeing to pay an attorney the ten percent provided in a note for $1,200 as attorney's fee for collecting the same although the maker admitted his liability except as to $75 of said amount.

### 8.—Same—Verdict Without Evidence.

In the absence of testimony that a less amount than the ten percent stipulated in a note was reasonable compensation for the attorney's services, a verdict for a less amount should be set aside.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*R. D. Thompson* and *C. E. Mead*, for appellant.—To entitle appellee to an abatement of the purchase money for the land on account of the shortage in acreage; that is, that the boundaries given in the field notes as shown in his deed of conveyance do not include the number of acres mentioned in the deed and intended to be conveyed, it was necessary for him to allege and prove that there was either a fraudu-

lent misrepresentation on the part of appellant as to the number of acres, an accident, or a mutual mistake of both parties as to the number of acres in the tract. The allegations and proof having failed to show either of these, and the proof being uncontradicted that the field notes in appellee's deed actually inclose full 160 acres of land, the appellee was not entitled to an abatement of the price. Bellamy v. McCarthy, 75 Texas, 293; Smith v. Fly, 24 Texas, 345; Weir v. McGee, 25 Texas Sup., 21; Daughtrey v. Knolle, 44 Texas, 450; Wuest v. Moehrig, 57 S. W., 864; Barnes v. Lightfoot, 62 S. W., 564; Eaton v. Tod, 68 S. W., 546.

To entitle appellee to an abatement of the purchase money on a warranty on account of a loss or shortage of land by reason of a conflict of surveys, that is, the field notes in his deed cover land owned by others making an overlap to follow the field notes, it was necessary for him to allege and prove (1) that he lost or never got possession of some certain part of the land bounded by the field notes in his deed; (2) that such land, not received by him, was held by some one under a valid and legal claim of title, and (3) he must allege and prove the nature of such adverse title or holding. The proof in this case having failed to show that appellee did not receive and get possession of all the land called for in his deed, or that any part of it was held by another under a superior title, he was not entitled to an abatement of the price on account of a failure of title to part of the land, or on account of a conflict of surveys. Woodward v. Rodgers, 20 Texas, 176; Forston v. Caldwell, 17 Texas, 627; Groesbeck v. Harris, 82 Texas, 416; Tarlton v. Daily, 55 Texas, 95; Haralson v. Langford, 66 Texas, 111; Jones v. Paul, 59 Texas, 45; Stark v. Homuth, 45 S. W., 761; Barnes v. Lightfoot, 62 S. W., 564; McCreary v. Douglass, 5 Texas Civ. App., 494; Bennett v. Latham, 45 S. W., 935.

The appellee having contracted in his note to pay ten percent additional on the principal and interest of the note if placed in the hands of an attorney for collection or if collected by suit, and appellee having failed to show that he was entitled to any credit on the note by reason of a shortage in acreage or by a conflict in surveys, and the proof showing that appellant placed his note in the hands of an attorney for collection and contracted to pay him ten percent on same for collection fees, the appellant was entitled to a judgment for his debt in full and ten percent additional on the principal and interest as attorney's fee; and this would be so regardless of whether appellee was or was not acting in good faith in claiming a credit for a shortage in land. Washington v. First Natl. Bank of Denton, 64 Texas, 6; Dunovant's Estate v. Stafford, 36 Texas Civ. App., 33; Hermes v. Vaughn, 22 S. W., 189 and 817; Martin Brown Co. v. Perrill, 77 Texas, 206; Ballew v. Casey, 60 Texas, 575; Dieter v. Bowers, 84 S. W., 847; Stansell v. Cleveland, 64 Texas, 666.

Where a note is given providing for ten percent attorney's fees, in case the note is not paid at maturity and is collected by suit or attorney, and when such note is not paid at maturity and is placed in the hands of attorneys for collection, and a contract is made with such attorneys to pay them in full ten percent for their services, and in a

suit brought on said note the plaintiff recovers judgment for any part of said note, then he would be entitled to a judgment for ten percent, as attorney's fees, on whatever judgment he recovers on said note unless the defendant has made a legal tender or its equivalent of the amount found to be due on such note. Honaker v. Jones, 115 S. W., 649; Carver v. Mayfield Lumber Co., 68 S. W., 711; Bolton v. Gifford, 100 S. W., 210; Hermes v. Vaughn, 22 S. W., 189 and 817.

The general covenant of warranty is not broken by a deficit in the quantity of acres named in the deed, although the land may have been sold by the acre. Warranty applies to the title, not to the quantity of the land. Daughtrey v. Knolle, 44 Texas, 450; Smith v. Fly, 24 Texas, 345.

Appellee could not establish a warranty by parol testimony in contradiction to the terms of his written deed, and thereby engraft a warranty of acreage in the deed when it shows a sale in bulk and does not warrant the acreage. And there being no allegation or proof of fraud or mistake so as to allow appellee relief on equitable grounds for a deficit in acreage, the parol testimony complained of could not be admissible for any purpose. Franco-Texan L. Co. v. Simpson, 20 S. W., 953; Elder v. First Natl. Bank of Galveston, 42 S. W., 125.

*Looney & Clark,* for appellee.—The deed repeatedly calling for a tract of 160 acres, purporting to convey one-fourth of a section of land, and, while describing the same by metes and bounds, ends by the words "containing 160 acres of land or more," is not contradicted by parol evidence that it was a sale by the acre and not in gross, especially where the consideration recited corresponds exactly with the acreage mentioned as far as it goes. Hall v. McCammon, 37 S. W., 1026; Hurst v. McMullen, 47 S. W., 666; 48 S. W., 744; 29 Am. & Eng. Ency. Law (2d Ed.), 639-640.

Where land is conveyed by warranty deed and part of the tract is in possession of another and is adversely held and the purchaser can not be placed in possession, the warranty is broken and the seller can not recover the purchase price until he has discharged his own obligation to put the purchaser in possession of the land so adversely held. Jones v. Paul, 59 Texas, 45.

The stipulation for attorney's fees in the note is a contract for a penalty and not liquidated damages. Dunovant's Estate v. Stafford, 36 Texas Civ. App., 33; Bolton v. Gifford, 100 S. W., 211; Luzenburg v. Bexar Bld. & Loan Assn., 29 S. W., 237; Robertson v. Holman, 81 S. W., 326; Smith v. Childs, 115 S. W., 598; Hammond v. Atlee, 39 S. W., 600.

TALBOT, Associate Justice.—This suit was instituted by the appellant, Mosteller, against the appellee on a promissory note for $1,200, dated August 22, 1907, due August 22, 1908, with interest from date at eight percent per annum, and providing for the payment of ten percent additional as attorney's fees if placed in the hands of an attorney or collected by suit. The note was given by appellee to appellant as part of the consideration for a tract of land in Haskell County sold by appellant to appellee. A vendor's lien was

retained in the deed of conveyance to secure the payment of said note. The plaintiff made the usual allegations incident to such a suit, and alleged that he had contracted with attorneys to bring the suit; that he had agreed to pay them as compensation ten percent on the principal and interest of said note, and asked for a judgment for his debt, interest, attorney's fees and a foreclosure of the lien on said land.

The defendant by amended answer plead a general demurrer, general denial, and specially, in substance: That the note sued upon was given in part payment for the tract of land described in plaintiff's petition; that the consideration for said land was based upon the acreage thereof to the extent of 160 acres; that in contracting to purchase said land and in purchasing same the defendant was to pay at the rate of $15 per acre to the extent of 160 acres, and that the amount he ·paid and contracted to pay was for 160 acres at $15 per acre; that the tract of land conveyed did not and does not contain 160 acres, but on the contrary only 155 acres; but that if he is mistaken in this, then the plaintiff did not have possession of five acres on the west part of said tract, had never had possession of same, and that he never placed defendant in possession of the same, and it is adversely held by another under a superior title; that at the time he purchased said land he did not know of such shortage, and that to the extent of same the consideration for the note sued on has failed, and plaintiff should be required either to allow a credit for the amount of such shortage or execution should be delayed until he places defendant in possession of the same; that by his deed the plaintiff warranted to the defendant that said tract of land contained 160 acres or more, and that the defendant has overpaid the plaintiff for said land the sum of $75, and the consideration has to that extent entirely failed.

Defendant also alleged in substance that when said note became due he notified plaintiff that he was ready and willing to pay said note, but desired to have the matter of the shortage in said land adjusted and allowed; that pending negotiations looking to such settlement, and without any notice whatever to the defendant, the plaintiff placed said note in the hands of attorneys for collection, rushed into court with this suit, claiming that he had contracted with said attorneys to pay them ten percent on the entire amount of said note, when in truth and in fact there .was not but $75 of said note in dispute; that the amount he claimed to pay said attorneys was grossly excessive, and that plaintiff's conduct in the premises was an act of bad faith as a matter of law; that the defendant had offered to put the amount in controversy in bank to await an adjustment of the shortage; that defendant had at all times been ready, willing and able to pay what he really owes, and here now tenders in court the amount of said note less the shortage aforesaid.

Appellant filed a supplemental petition, demurring generally to appellee's answer, and specially excepting to various allegations of same. The exceptions having been overruled, the case was tried before a jury and resulted in a judgment for appellant for $1,125, with interest from the date of the note sued upon at eight percent per annum, and $25 for attorney's fees, with a foreclosure of the vendor's

lien on the land described in plaintiff's petition. Appellant's motion
for a new trial being overruled, he appealed.

The assignments of error need not be quoted and discussed in
detail. The judgment must be reversed and the cause remanded for
a new trial for the following reasons: (1) Because the deed executed
and delivered by the plaintiff to defendant evidences a sale of land
in gross or bulk with no warranty of acreage, and it was not alleged
either that there was fraud, accident or mistake in the preparation of
said deed, and parol evidence was inadmissible to show that the de-
fendant, Astin, bought the land from appellant by the acre at $15 per
acre, and not in bulk; (2) Because the court erred in overruling
plaintiff's special exception to that part of defendant's answer reading
as follows: "But if he is mistaken in this, then the plaintiff did not
have possession of five acres on the west part of said tract, had never
had possession of same, and that he (plaintiff) never placed defendant
in possession of the same, and it is adversely held by another under
a superior title;" (2) Because the court erred in charging the jury
to allow plaintiff such reasonable compensation as attorney's fees as
they believed from the evidence he was entitled to, and in refusing
to give instead appellant's special charge as follows: "The note sued
upon in this case provides that if said note is placed in the hands of
an attorney for collection or if collected by suit, that the defendant
will pay ten percent additional as attorney's fees, therefore you are
instructed that after arriving at the amount of principal and interest
due the plaintiff, you will allow him ten percent additional on said
principal and interest as attorney's fees."

It seems to be settled law by the decisions of this State that the
general covenant of warranty in a conveyance of land applied to the
title and not to the quantity of the land, and hence such covenant is
not broken by a deficit in the number of acres named in the deed
even though the land may have been sold by the acre. Daughtrey v.
Knolle, 44 Texas, 450. It is also well settled, we think, that where
the deed shows upon its face that the land therein described is sold
in bulk, and there is a material error in the quantity of the land
conveyed, parol evidence is only admissible to show the shortage and
that the land was in fact sold by the acre when allegations of fraud,
accident or mistake in so drawing the deed are made. Defendant
alleged neither fraud, accident or mistake of any character in the exe-
cution of the deed to him, and hence his pleading is lacking in either
of the elements essential to make a case for equitable relief. Bellamy
v. McCarthy, 75 Texas, 293; Eaton v. Tod, 68 S. W., 546; Daughtrey
v. Knolle, supra.

Appellee's counsel insists that notwithstanding the deed in this case
shows a sale in gross and not by the acre, yet if the land was as a
matter of fact sold by the acre, the fact of the deficiency alone was
all that was necessary for the defendant to allege in order to show
a partial failure of consideration; that in such case it is not neces-
sary to allege fraud or mutual mistake to render admissible parol evi-
dence of such failure of consideration. This view is plausible, but at
variance, we believe, with our decisions on the subject and can not be
adopted.

Appellee's plea that five acres of the land sold to him by appellant was held by another under a superior title, was clearly defective, we think, in that said plea wholly failed, as contended by appellant, to allege the name of the adverse claimant or show the nature of such superior title or the character and the length of time of his adverse holding. Appellant's special exception to the sufficiency of this plea on the grounds stated should have been sustained, and therefore a verdict and judgment in favor of appellee based upon this phase of the case was not authorized and can not be upheld, however well sustained by the evidence. A judgment must be supported by both pleading and proof.

The only evidence bearing upon the issue of plaintiff's right to recover attorney's fees, aside from the testimony that appellee, before the note sued on was placed in the hands of an attorney for collection, offered to pay the entire amount of said note, less $75 and to put this $75 in the bank subject to appellant's order upon an adjustment of the shortage in the acreage of land claimed, and that pending negotiations to adjust the claim of shortage appellant, without notice to appellee, filed this suit, is the provision in said note to the effect that if it was placed in the hands of an attorney for collection, or if collected by suit, the appellee would pay ten percent additional on the principal and interest then owing therein, as attorney's fees; and the testimony of the witness, R. D. Thompson, that appellant authorized him to bring suit on the note and agreed to pay him for his services the ten percent attorney's fees provided for in the note, and that the amount thereof was reasonable for the services rendered and to be rendered in this case, and that ordinarily he did not consider $125 to $135 reasonable attorney's fees for collecting a contested claim of $75. In this state of the evidence we think the plaintiff was entitled to recover ten percent of whatever amount the jury found was due and *owing* to him on the note sued on, and that his special charge quoted above to that effect should have been given.

While it seems to be well settled by the decisions in this State that a stipulation to pay attorney's fees, such as appears in the note the foundation of this action, is a mere contract of indemnity, still when the holder of such note employs an attorney and contracts to pay him the amount stipulated therein for his services in collecting the note, the maker can not defeat his liability therefor on the ground that said amount is unreasonable. Dunovant's Estate v. Stafford & Co., 36 Texas Civ. App., 33 (31 S. W., 101). As said in the case just cited, the maker of such note has authorized the holder to contract for the payment of ten percent for the collection of the note, and in the absence of allegation and proof of fraud or mistake in making the note, or of fraud against the maker in the execution of the contract between the holder and his attorney, he is estopped from saying that the amount which he has agreed the holder of the note might contract to pay his attorney is unreasonable. Neither the pleadings nor the proof in this case shows any such fraud or bad faith on the part of appellant in making the note sued on, or in making the contract with his attorney, or in bringing this suit under the circumstances shown, as deprived him of the right to enforce the contract for attorney's fees.

He certainly had the right to contest appellee's claim of a shortage in the number of acres of land sold, in the courts, and the stipulation in the note and uncontradicted testimony of the witness Thompson established conclusively the reasonableness of the sum contracted to be paid, namely, ten percent of the amount that was at the time such contract was made *owing* to appellant on the note. Thompson testified positively that such an amount was "only reasonable and fair remuneration for the services rendered and to be rendered in this case," and his answer on cross-examination, to the general question put to him, that "ordinarily I do not consider $125 or $135 reasonable attorney's fees for collecting a contested claim of $75," furnished no basis for a finding that the amount sought to be recovered by appellant as attorney's fees, was unreasonable.

But, if it can be said that plaintiff was only entitled to recover reasonable attorney's fees, still no warrant is found in the evidence for the verdict and judgment of $25 therefor. There is no testimony that a less amount than that stipulated in the note was reasonable for the attorney's services in this case. The witness Thompson, as shown, testified that ordinarily he would not consider $125 or $135 reasonable attorney's fees for collecting a contested claim of $75, but neither he nor any other witness stated what would be a reasonable fee for collecting such a claim, or, treating this case as one involving a contested claim of only $75, what would be a reasonable attorney's fee for prosecuting it and collecting such an amount.

The judgment of the court below, for the reasons indicated, is reversed and the cause remanded.

*Reversed and remanded.*