ASTIN v. MOSTELLER.

(Court of Civil Appeals of Texas. Texarkana. Feb. 8, 1912.)

1. PLEADING (§ 123*) — GENERAL DENIAL—DEMURRER.

A general demurrer cannot be sustained to an answer containing a general denial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 255; Dec. Dig. § 123.*]

2. PLEADING (§ 204*)—DEMURRER—PLEADING GOOD IN PART.

In an action for the unpaid purchase price of land, a plea that five acres of the land as described in the deed were held by another under a superior title set up a defense to part of the debt, and hence was good on general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486–490; Dec. Dig. § 204.*]

3. PLEADING (§ 205*)—DEMURRER—TRUTH OF ALLEGATIONS—COMPLAINT.

That allegations of a pleading as to the terms of a deed are untrue is not presented by general demurrer, where the deed itself is not set out in the pleading, and the conflict between its terms and the averments cannot be determined until it is offered in evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–510; Dec. Dig. § 205.*]

4. EVIDENCE (§ 461*) — PAROL EVIDENCE—CONTRADICTION OF DEED.

Where a deed shows on its face that the land was sold in bulk, parol evidence that the sale was made by the acre is inadmissible, in the absence of allegations in the pleadings that the terms of the deed were written by mistake.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

5. BILLS AND NOTES (§ 534*)—VENDOR'S LIEN NOTES—ATTORNEY'S FEES.

Where a vendor's lien note provided for an attorney's fee, if placed in the hands of an attorney for collection, the fee was recoverable, though the holder of the note on default placed it in the hands of an attorney for the purpose of embarrassing the maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. § 534.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by J. O. Mosteller against J. P. Astin. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Looney, Clark & Leddy, for appellant. R. D. Thompson and C. E. Mead, for appellee.

HODGES, J. This is a suit by the appellee to recover the amount claimed to be due upon a promissory note given for the purchase money of a tract of land described in the petition. The petition also asks for a foreclosure of the vendor's lien reserved in the note. This is the second appeal of this case. The former appeal is reported in Mosteller v. Astin, 129 S. W. 1136, to which we refer for a statement of the essential facts and the enunciation of the law applicable to the issues involved.

After the reversal on the former appeal, appellant, defendant below, amended his special answer, alleging, in substance, that he had purchased the land on which the lien

is sought to be foreclosed by the acre, agreeing to pay therefor the sum of $15 per acre. He also alleges that a portion of the land as described in the deed lapped over and included a tract of five acres belonging to another party, who held the same under a superior title acquired by limitation. This special answer was preceded by a general demurrer and a general denial.

[1-4] The court sustained a general demurrer interposed by the plaintiff in the suit to the entire answer, and rendered a judgment upon the pleadings for the appellee. This, we think, was error. The general denial alone made an issue which would be good as against the general demurrer and require a submission of the case upon the facts. While the special answer is so framed that it is to some extent ambiguous, yet as against a general demurrer, it set out a good defense to a part of the debt. The fact that the averments in the answer may be in conflict with the terms of the deed does not affect their legal sufficiency as a defense. Such conflict, if any, did not appear upon the face of the pleadings, and would not be disclosed till the deed itself was offered in evidence. The necessity for pleading that its terms, showing a sale in gross, were so written by mistake in its preparation was required as a basis for the admission of evidence showing a different kind of a contract.

[5] That portion of the answer which set up a defense against the attorney's fees claimed in the suit was, we think, insufficient. When the note matured, it was the duty of the appellant to pay whatever sum was due thereon. A default upon his part authorized the appellee, as the holder of the note, to place it in the hands of an attorney for collection. This, it seems, was done. The fact that the appellee may have exercised some undue haste, or might have been actuated by a disposition to harass the appellant, is no defense, when the facts alleged in the pleadings show that the note was not paid by the appellant at maturity, and that the appellee sought to recover only such fees for the services of an attorney as were stipulated in the contract between the parties.

For the errors indicated, the judgment of the district court is reversed, and the cause remanded.