HERRING et ux. v. HERRING. (No. 7640.)
(Court of Civil Appeals of Texas. Dallas. Dec. 2, 1916.)

1. APPEAL AND ERROR ⊙═1039(2)—HARMLESS ERROR.

Where a petition in suit on a written contract and to foreclose a mechanic's lien was filed in the district court and defendant cited to appear therein, and judgment by default was rendered, the fact that the petition was addressed to the judge of the county court and filed therein and was later withdrawn to be filed in the district court was a mere irregularity, and not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4075; Dec. Dig. ⊙═1039(2).]

2. MECHANICS' LIENS ⊙═271(10) — ACTION TO FORECLOSE—PETITION.

A petition to foreclose a mechanic's lien based on a note mentioning a contract for mechanic's lien for labor to be performed and improvements to be made, which failed to allege that the labor had been performed and improvements made as contracted for, was defective.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 504; Dec. Dig. ⊙═271(10).]

3. MECHANICS' LIENS ⊙═291(2) — ACTION TO FORECLOSE—DEFAULT JUDGMENT—EVIDENCE.

Awarding default judgment, in action to foreclose a mechanic's lien based on a note mentioning a contract for mechanic's lien for labor and material and improvements made, was improper, where the mechanic's lien referred to was not introduced in evidence, and there was no evidence that material was furnished or improvements were made as contracted for.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 600; Dec. Dig. ⊙═291(2).]

Error from District Court, Limestone County; C. S. Bradley, Special Judge.

Action by Mrs. V. Z. Herring against Levi Herring and wife. Judgment for plaintiff, and defendants brings error. Reversed and remanded.

C. D. Spann, of Glen Rose, for plaintiffs in error.

RAINEY, C. J. Defendant in error sued plaintiffs in error on a written contract and to foreclose a mechanic's lien on a certain house and lot for the sum of $497.93. Plaintiffs in error, although duly cited, did not answer, and judgment by default was rendered against them for said sum and a foreclosure of the mechanic's lien. Plaintiffs in error sued out a writ of error, and the case is here for review.

From the agreed statement of facts found in the record it appears that on the trial of the case the only evidence introduced and upon which a judgment was based is the written contract sued on, which is as follows:
"$450.00.   Glen Rose, Texas, Jan. 10, 1912.

"On the 1st day of November, 1912, we promise to pay to the order of I. H. Herring the sum of four hundred fifty and no/100 dollars for value received, with interest at the rate of 10 per cent. per annum from date. Said four hundred fifty and no/100 dollars to be paid in monthly installments of twenty and no/100 dollars each, save and except the last installment, which shall be in the sum of two hundred seven-

ty and no/100 dollars; said monthly installments to be due and payable February 15, 1912, and each month thereafter, except the last installment, which is due and payable on November 1, 1912, both principal and interest is payable at Mexia, Tex. Failure to pay these notes or any installment of interest thereon when due shall at the option of the holder mature these notes and each of them and all other notes this day given by Levi Herring and wife, G. B. Herring, to said I. H. Herring, and the holder thereof may in such event proceed to collect the same in the manner as if the full time period in said notes have expired. It is hereby expressly agreed and understood that these notes are given in part payment for labor and material to be performed and improvements to be made upon the following described property, situated in the town of Glen Rose, Somervell county, Tex., being block No. 21 as appears from the official map and plot of the said town of Glen Rose, of record in Book 2 at page 71 of the Deed Records of Somervell county, Tex., under contract of even date herewith between Levi Herring, party of the first part, and J. M. Simpson, party of the second part, and for the payment hereof, together with all interest according to the tenor hereof, a mechanic's, materials, laborer's and contractor's lien is retained in said written contract, and is hereby acknowledged. In case these notes or either of them is placed in the hands of an attorney for collection, or suit is brought on same, we promise to pay 10 per cent. additional on the amount of principal then due as attorney's fees.   [Signed]   Levi Herring.
"G. B. Herring."

Said instrument showing credits on the back thereof, to the effect that the first three of the monthly installments of $20 each, amounting to the sum of $60 had been paid, together with all interest due upon said note up to the 31st day of December, 1913.

[1] The first assignment of error complains that the petition is defective and is not sufficient to warrant the judgment by default. (1) "That the same shows it to have been presented in and to the county court of Limestone county, Tex., and is addressed to the judge of said court." The petition is so addressed and shows that it was filed in the county court, but was withdrawn and filed in the district court, and the citation shows that plaintiffs in error were cited to appear in the district court, where judgment by default was rendered. This is but a mere irregularity, but not such an error as to cause a reversal. (2) The next objection is that it fails to show the existence of any mechanic's lien in favor of plaintiff in any other person, and that no proper steps were taken to create a mechanic's lien of any kind that warranted a judgment by default.

[2] Under this assignment the proposition is submitted that the written instrument upon which the suit is based merely mentions a contract between Levi Herring and one J. M. Simpson for a mechanic's lien for labor and material to be performed and improvements to be made (on certain described property) which is recorded in Somervell county, and there is no allegation of the consummation of a contract for said lien. In the respects stated we are of the opinion

the petition is defective; for it fails to allege that the labor had been performed and the improvements made as contracted for.

[3] The second assignment of error complains:

"That the evidence upon which said judgment was predicated was wholly insufficient to support a judgment by default, and to foreclose a lien upon the real estate described herein."

The instrument shows upon its face, which is all the evidence introduced, that it was given in part payment "for labor and material to be performed and improvements to be made" upon certain real estate, describing it, under contract between Levi Herring and one J. M. Simpson, and for which a mechanic's lien was retained and acknowledged. This mechanic's lien contract was not introduced in evidence; nor was there any evidence that any material was ever furnished or any improvements ever made by said Simpson or any one else. This evidence should have been produced before defendant in error was entitled to recover, and, not having been introduced, defendant in error was not entitled to recover.

Therefore the judgment is reversed, and cause is remanded.