## SPRINGMAN v. HEIDBRINK. (No. 8077.)

(Court of Civil Appeals of Texas. Galveston. June 23, 1921.)

1. Sales ⟨key⟩412—Answer to buyer's petition for failure to deliver held not subject to general demurrer.

In a buyer's action for stipulated damages because of seller's failure to deliver, answer denying that seller had broken his contract, alleging that he had been at all times and was ready and willing to comply therewith, that buyer had extended the time for delivery, and that his failure to deliver was not due to any fault on his own part, but was caused by wrongful acts of the buyer, *held* not subject to general demurrer, even though it was inartistically drawn and contained portions subject to exception; the facts alleged being sufficient to show that buyer was not entitled to recover.

2. Judgment ⟨key⟩126(1)—Court cannot render judgment for plaintiff after sustaining demurrer to answer without evidence in support of plaintiff's cause of action.

The court, having eliminated defendant's answer by order sustaining general demurrer thereto, could not render judgment for plaintiff without evidence in support of his alleged cause of action.

Appeal from Anderson County Court; Mills Q. Mills, Judge.

Action by B. Heidbrink against George Springman. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Swift & Cotten, of Palestine, for appellant.
Campbell, Greenwood & Burton, of Palestine, for appellee.

PLEASANTS, C. J. Appellee brought this suit against appellant to recover stipulated damages for breach of a contract for the delivery of lumber. The petition declares on the contract, a copy of which is attached thereto as an exhibit, and then alleges in substance that in order to secure his compliance with said contract appellant executed his promissory note in favor of appellee for $750 and deposited it with the Royal National Bank of Palestine, with the understanding and agreement by and between appellant and appellee and the bank that in event appellant failed to comply with his contract for the delivery of the lumber the bank should deliver the note to appellee, but in case the lumber was delivered in accordance with the contract the note should be returned to appellant, that appellant had failed to deliver the lumber, and that appellee was entitled to said note, which was still in the possession of the bank, and to recover the sum due thereon according to its terms and effect, for which judgment is prayed.

The appellant filed an answer containing a general demurrer, general denial, except

---

as to facts thereinafter admitted, and special pleas denying the allegations of the petition that he had breached his contract for the delivery of the lumber and averring that he had been at all times and was now ready and willing to comply with his contract. He further pleaded an agreement by the appellee to extend the time for the delivery of the lumber, and that his failure to make delivery was not due to any fault on his part, but was brought about by the wrongful acts of the appellee.

The appellee interposed a general demurrer to this answer, which was sustained by the trial court, and thereupon, without any evidence being introduced or offered by appellee, judgment was rendered in his favor for the full amount of the note with interest and attorney's fees.

The proceedings in the court below are reflected in the following bill of exceptions, which was approved by the trial judge:

"B. Heidbrink v. George Springman.

No. 1947.

"In the County Court of Anderson County, Texas, October Term, 1920.

"Be it remembered that upon the trial of the above entitled and numbered cause on October 28, 1920, in this court, the plaintiff presented his general demurrer to the second amended answer of the defendant, Springman, filed herein on October 26, 1920, which answer, among other things, contained a general denial; and the court sustained the general demurrer of the plaintiff as to the answer of the defendant, and as to the whole of said answer, including the general denial; and thereupon, over the objection of the defendant, the court entered judgment for the plaintiff as prayed for without any evidence being offered by the plaintiff, and without defendant being permitted to make any proof in rebuttal under his general denial; that the plaintiff never offered in evidence the note sued on, and introduced no evidence whatsoever, and the court rendered judgment for the plaintiff, wholly on his pleadings after the pleadings of the defendant had been stricken out on demurrer, said judgment being rendered without any proof as to the failure of the defendant to perform his part of the contract, or as to his liability on said note under the contract sued on; that defendant duly excepted at the time in open court to the action of the court in sustaining the general demurrer of the plaintiff, and in rendering judgment for the plaintiff, and to the other actions of the court thereon, which exceptions were overruled by the court, and to such ruling the defendant excepted and herewith tenders his bill of exceptions, and asks the same to be signed and made a part of the record in said cause, which is accordingly done.

"This October 28, 1920."

[1] We think the trial court erred in sustaining the general demurrer to the answer. This pleading, though very inartistically drawn, contains averments of facts which, if true, would defeat appellee's right to recover, and while portions of it, especially the prayer for affirmative relief, were subject to exception, a general demurrer to the whole of it should not have been sustained, and the defendant thus stripped of all of his defenses including his denial of the breach of the contract.

[2] The answer of defendant having been eliminated from the case by the order sustaining the general demurrer, there was no admission of any facts before the court, and judgment should in no event have been rendered without any evidence on the part of plaintiff in support of his alleged cause of action, or without having the note upon which the judgment was rendered before the court.

These conclusions seem to us to be obvious and are well sustained by the authorities. The following cases are in point: Astin v. Mosteller, 144 S. W. 701; Cooper v. Robischung Bros., 155 S. W. 1050; Kinnard v. Herlock, 20 Tex. 49.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.