**FIRST NAT. BANK OF CROCKETT v. ROBERT et al. (No. 9204.)**

Court of Civil Appeals of Texas. Galveston.
Nov. 1, 1928.

GRAVES, J. This cause has been presented here upon an agreed statement of both the facts and the issues of law involved.

In the single suit, the bank sought recovery upon two separate and distinct notes given it by different sets of signers, not alleged to have any other connection between them than that the appellee Robert had not only signed both, but had also, subsequently to their dates, given a chattel mortgage to secure them, the lien of which it further asked the foreclosure of. Robert alone filed answer to the plaintiff's petition, consisting of general and special exceptions on the ground of a misjoinder of both parties and causes of action, together with general and special denials. On preliminary hearing, the court sustained Robert's exceptions, and, over the bank's protest, dismissed him from the suit, thereafter calling it for trial upon the merits as to the remaining defendants. Only one of these appeared in person, the other two making default. Thereupon the bank, declining to amend its petition, "and offering no proof to sustain the allegations thereof," judgment was rendered in favor of these defendants; no evidence being introduced by either party.

The bank's appeal from the action thus taken below challenges as error both the dismissal as to Robert and the entry of judgment in favor of the other defendants.

We sustain the contention as to appellee Robert and overrule it as to the others. Under R. S. 1925, arts. 2154 and 2156, there being no evidence of the alleged cause of action against the latter, an adverse judgment as to them would have been improper. Springman v. Heidbrink (Tex. Civ. App.) 233 S. W. 310; Herring v. Herring (Tex. Civ. App.) 189 S. W. 1105; Ins. Co. v. Railway (Tex. Civ. App.) 196 S. W. 276.

■ Under the allegations of appellant's petition against him, Robert, however, was in no position to take advantage of a claim of misjoinder of either parties or causes. It was averred that he had not only signed and become liable upon both the notes sued upon, but had further given his chattel mortgage to secure these particular obligations. This raised an issue as to him that connected the two notes together and required an answer, not being subject to disposition on demurrer.

These conclusions require a reversal and remanding as to the appellee Robert and an affirmance as to the others; that order will be entered.

Affirmed in part; reversed and remanded in part.