NATHAN R. HARLAND v. HARRISON G. HENDRICKS.

Where the judgment goes by default, in a suit on a demand which is liquidated and proved by writing, and the damages are assessed by the Clerk, under the Statute, credits indorsed on the writing must be allowed.

Error from Lamar. Tried below before the Hon. William S. Todd.

· Suit by defendant in error against plaintiff in error and Jacob Long, on a promissory note for $495, payable to Long and by him indorsed to plaintiff. The note was dated January 17th, 1853, payable twelve months after date, with interest at ten per cent. per annum from maturity. Judgment by default, and amount assessed at $495 principal, and $90 75 interest. On the note was indorsed January 17th, 1855, a credit of $50 as interest, signed J. Long. The indorsement to plaintiff was dated February 9th, 1855. In copying the note into the transcript, the Clerk first wrote the word " date," and ran his pen through it and wrote " maturity," which suggests that the interest for one year being as nearly the same as the credit indorsed, the mistake may have occurred by computing interest from date.

*B. H. Epperson,* for defendant in error, sent up the transcript, and submitted it with a suggestion of delay.

WHEELER, J. We have heretofore decided, that where judgment goes by default, in a suit on a demand which is liquidated and proved by writing, and the damages are assessed by the Clerk, under the Statute, credits indorsed on the note must be allowed. (Holland v. Cook, 10 Tex. R. 244.) The payment of fifty dollars, credited upon the note, ought to have

been allowed and deducted by the Clerk, in entering the judgment ; and for his failure to make the deduction the judgment must be reversed and rendered for the proper amount.

Reversed and reformed.