DANIEL TRABUE AND OTHERS V. JOHN STONUM.

The statute contemplates, in the assessment of damages by the Clerk, (where the defendant makes default, and the cause of action is liquidated and evidenced by writing,) an *ex parte* proceeding, in which the writing sued on is produced by the plaintiff before the Court. If the writing produced be clearly not the instrument set out in the petition, it would be the duty of the Court not to permit it to be the foundation of any assessment by the Clerk.

In judging of this, however, the Court should not have reference to any mere clerical variances or other matters by which the rights of the parties would not be materially affected.

It was therefore held, that it was not sufficient ground for reversing such a judgment, that the petition described a note dated January 3d, 1855, to become due the 1st of March next, and the note on which the judgment was rendered was dated January 3d, 1856, to become due the 1st of March next.

Error from Washington.    Tried below before the Hon. R. E. B. Baylor.

The petition alleged the note was dated January 3d, 1855, and in addition set it out as follows:—

$1505 70.    On or before the first day of March next, we or either of us promise to pay A. B. Easley or order, fifteen hundred and five dollars and 70 cents, value rec'd.

3d January, 1855.                    (Signed by defendants.)

The petition then alleged "that afterwards, to wit : on the 5th day of January, 1856, and *before the maturity* of said note, the said A. B. Easley indorsed and delivered the same to your petitioner." The copy of the note in the record was the same as the above, except the memorandum of the date at the bottom, which was "3d January, 1856. Judgment April 22, 1856, by default for $1523 08, and costs." There was a motion in arrest of judgment, on the ground that defendants had not been summoned to answer the plaintiff's petition in this case; no notice of the existence of this suit, &c. ; which grounds were doubtless based on the variance aforesaid ; as all the defendants had accepted service.

*Sayles* and *Bassetts*, for plaintiffs in error. There is a substantial and important variance between the note sued on and that described in the petition. Upon the principle of the case of Holland v. Cook, 10 Tex. R. 244, the Court will reverse the present case, where the evidence of debt filed with the Clerk is not the cause of action set out in the petition.

*Rogers*, for defendant in error.

ROBERTS, J. This is a judgment by default. The error complained of is exhibited in the third assignment of error, which reads as follows: "The note set out in the petition is dated January 3d, 1855, and is due the first day of March, 1855; that offered in evidence and filed with the Clerk is dated January 3d, 1856, and is due on the third day of March, 1856."

This raises the question of how far and for what purpose, the note produced by plaintiff below, in a judgment by default, and copied into the record as a part of the proceedings of the case, is to be regarded as a statement of facts upon which error can be assigned.

The statute, relative to this subject, prescribes that "if the cause of action is liquidated and proved by any instrument in writing, the Clerk shall, unless a jury is asked for by either party, assess the damages of the plaintiff."

Under this statute, a judgment was reversed and reformed, because credits appearing on the back of the note were not allowed in assessing the damages by the Clerk upon default. (Holland v. Cook, 10 Tex. R. 244.) The default in a suit on a note determines the facts of the petition, by implication, against the defendant below, except only as to the amount of the recovery. If the claim set forth be in writing and liquidated, the amount to be recovered by the plaintiff is still an open question, to be determined by the Clerk, unless a jury is asked for by either party.

The statute contemplates, in performing this duty by the Clerk, an *ex parte* proceeding, in which the writing sued on is produced by the plaintiff before the Court. If the writing produced be clearly not the instrument set out in the petition, it would be the duty of the Court not to permit it to be the foundation of any assessment by the Clerk. In judging of this, however, the Court should not have reference to any mere clerical

variances or other matters by which the rights of the parties would not be materially affected. After this duty is performed by the Court, what is left for the Clerk is merely a calculation of the amount which plaintiff should recover, with reference to what the plaintiff claims, and with reference to the liquidated demand by which it is " proved," on its production by the plaintiff, and submission to the Clerk by the Court.

The note, then, thus produced, acted on by the Clerk, and copied into the record, becomes a part thereof for one purpose, and that is, to determine whether or not the Clerk has properly assessed the damages of the plaintiff below.

In this case there is no complaint that the amount assessed is not the amount really due on the note, and a mere clerical mis-recital of the date of the note in the petition is not such a question as can be raised upon a default. Judgment is affirmed.

Judgment affirmed.