### WILLIAM FREEMAN v. WILLIAM NEYLAND.

That the defendant had entrusted his case to an attorney, who he expected would have given it proper attention; that he did not think it necessary to be present, in person; that his account, pleaded in set-off, was just, and plaintiff had promised to allow it; and that the cause was tried in the absence of himself and attorney; presents no sufficient ground for a new trial.

APPEAL from Jasper. Tried below before the Hon. A. W. O. Hicks. The facts are stated in the opinion.

*Moore & Walker*, for the appellant.

BELL, J.—The appellee sued the appellant in the court below, upon an account for the hire of a negro for two years, money loaned, and medical services rendered to a third person, at the instance and request of the defendant below. The defendant pleaded in set-off, an account for labor done for the plaintiff. The cause was continued at the Fall Term, 1856, and again at the Spring Term, 1857. At the Fall Term, 1857, the defendant not appearing, the cause proceeded to trial, *ex parte*.

The defendant made his motion for a new trial, the substance of which motion was, that he had entrusted the case to an attorney; that he expected the attorney to give the case proper attention; that he did not think it necessary to be present at the trial of the cause, in person; that his account, pleaded in set-off, was a just demand against the plaintiff, and that the plaintiff had promised to allow it on settlement; and that the cause went to trial in the absence of himself and his attorney.

The motion shows no reason for the absence of the attorney. It is not shown that the cause was called for trial out of its order, or that the plaintiff practised any imposition upon the defendant or his attorney.

The motion was properly overruled. So far as the record speaks, the appellant seems to have no cause to complain of any one but himself and his attorney. Courts cannot undertake to extend relief to the negligent, at the expense of those who have been diligent in pursuing the remedies of the law. All trials of causes in courts of justice, are, to some degree, at the public expense, and courts cannot be called upon to set aside what has been solemnly and fairly done, merely to afford parties an opportunity to be heard, who have neglected to present their defences or claims at the proper time. It is the duty of parties who have causes in court, to attend to them, and if they neglect to do so, they must bear the consequences. The judgment below is affirmed.

Judgment affirmed.