WILLIAM H. NIBLETT ET AL. v. GEORGE W. SHELTON.

A judgment by default amounts to an admission of the facts charged in the petition, and the allegations of the petition are thereupon to be taken as proved and admitted, and the interposition of a jury is therefore not necessary to the establishment of such facts as the basis of the judgment of the court in a suit where the cause of action is liquidated and shown by an instrument in writing. (Paschal's Dig., Art. 1508, Note 594.)

In a suit on a promissory note given for the purchase-money of land, a judgment enforcing the vendor's lien may properly be rendered by default without the intervention of a jury, when the averments of the petition are sufficient to entitle the plaintiff to that relief and no defense is interposed.

The plaintiff sued as holder of a promissory note executed by the defendants to R. W., or bearer, and purporting on its face to have been given in part consideration of two tracts of land, of three hundred and twenty acres each, patented to the payee, as assignee of other parties. In his petition the plaintiff described fully, by metes and bounds, the tracts of land for which, as he alleged, the note was given; averred that he was the legal and equitable owner, holder, and bearer of the note sued on, with all the equities appertaining thereto; and prayed for judgment on the note against the defendants, and also for a decree enforcing his vendor's lien by sale of the lands. The defendants entered no appearance, and judgment by default was rendered against them for the amount of the note, and also for the enforcement of the vendor's lien by sale of the land, as described in the

petition. The defendants prosecute their writ of error, assigning that the court below erred in rendering the judgment enforcing the vendor's lien without the intervention of a jury to find the facts that the note was given for the lands decreed to be sold, and that the plaintiff was entitled to the vendor's lien: *Held*, that the judgment by default was an admission by the defendants of the averments contained in the petition, and hence there remained no controverted fact and no unliquidated damages for a jury to determine or assess, and the averments so admitted being sufficient to entitle the plaintiff to the judgment as rendered, it was not error to enter the judgment and order of sale without the interposition of a jury.

ERROR from Navarro. The case was tried before Hon. JOHN GREGG, one of the district judges.

The defendants acknowledged service, but filed no answer. The other facts are stated in the opinion of the court.

*A Beaton*, for the plaintiff in error.—In support of the assignment of errors in this case, I refer to O. & W. Dig., Art. 498, and to 24 Tex., 212, which, I respectfully submit, will show, that the court erred in ordering a sale of the land without proof that the same was subject to the vendor's lien for the payment of the judgment. If the plaintiff in the court below, as the transferee of White, the original payee of the note sued on, who, by making the necessary legal proof, was entitled to the vendor's lien upon the land, held and was entitled to the said original equity of White, by being the owner and bearer of the note, he had certainly to prove the averment in his petition, that "he was the bearer of said note, with all the equities originally appertaining thereto," before he could obtain a decree for the sale of the land. If the land were subject to the vendor's lien, the plaintiff had to establish it, just as he would any other fact, by proof, and before a decree could be entered up ordering a sale of the land the fact had to be ascertained and found by the verdict of a jury, or, a jury being waived, by the judgment of the court, that the note sued on was given for the purchase-money of the

land, and thereupon the judgment should adjudicate that he was entitled to the vendor's lien upon the same.

No brief for defendant in error furnished to the *Reporter*.

SMITH, J.—The defendant in error, Shelton, instituted this suit upon an obligation in writing, as follows, to wit:

"$770.    On or before the first day of January, 1860, we promise to pay R. A. White, or bearer, the sum of seven hundred and seventy dollars, bearing ten per cent. interest from date.    This note is given to secure part of the purchase-money of two tracts of land, of 320 acres each, patented to said White, as assignee of Elijah Sanders and Richard Sanders, sold us this 17th day of August, 1858.

"W. H. NIBLETT,
"S. P. NIBLETT."

Shelton avers that he is the holder and owner of the note and the vendor's lien upon the lands referred to, which he fully describes by metes and bounds; that the note is due and unpaid, less the credits specified in the petition. Service was accepted by the defendants by attorney, and judgment by default was rendered, without the intervention of a jury, for the amount due upon the note. The vendor's lien was enforced, and order of sale ordered to be issued; and the defendants below bring the case to this court, and assign for error, that the court below entered up the judgment and order of sale without the intervention of a jury to find the facts that the note was given for the lands described in the petition and that the plaintiff was entitled to the vendor's lien. When the defendant is served with process, and fails to file his plea on or before the fourth day of the term of the court, after legal service, the plaintiff becomes entitled to his judgment by default; and, if the cause of action be liquidated and proved by an instrument in writing, the clerk shall, unless a jury is asked for by either party, assess the damages of the plaintiff; but if

the cause of action be unliquidated, a jury shall be sworn to assess the damages of the plaintiff. (O. & W. Dig., Art. 496.)

In this case, the plaintiffs' cause of action being liquidated, that is, the amount due by an instrument in writing, it was not necessary to call a jury for the purpose of assessing the amount due the plaintiff. The jury is necessary only when the damages of the plaintiff are unliquidated. A judgment by default amounts to an admission of the truth of the facts charged; the facts set out in the petition are to be taken as proved and admitted, (4 Tex., 381; 21 Id., 508;) and there is nothing to prevent the court from making a decree without reference to a jury. (3 Tex., 305; 10 Id., 213; 16 Id., 549; 17 Id., 438.)

The note sued on recites the fact, that it was given for two tracts of land sold the defendants below by the payee of the note, White. It does not particularly describe the tracts by metes and bounds, but the plaintiff, in his petition, supplies that defect by a full description of both tracts by metes and bounds, and avers they are the two tracts for which the note was given; and according to the rulings of this court (cases cited above) these averments are taken as true and admitted; and, as there was no controverted fact or unliquidated damages for the jury to determine or assess, the judgment and order of sale were properly entered without the interposition of the jury.

There being no error in the cause, the judgment is

AFFIRMED.