INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY
v. LUCY MILLER.

No. 540.

1. Absence of Attorney.

Absence of any attorney at the trial of a cause is not a ground for new trial. A refusal of such motion will not be revised on appeal.................... 431

2. Errors Not Assigned in Petition for Writ of Error.

On an application for writ of error this court will not consider error in a charge of the trial court where it is not complained of in the application ........ 431

APPLICATION for writ of error to Court of Civil Appeals, in an appeal from Brazoria County.

The suit was for personal injuries and shame and mortification alleged to have been inflicted on the negress, Lucy Miller, by excessive violence and abuse by the conductor of the Columbia Tap Railway, and by a passenger who, at the conductor's request, assisted him in putting her out of the white people's car or compartment, and into the negro division.

The defendant filed a general denial. Verdict was rendered on the 4th of January, 1894, for $200 actual and $300 exemplary damages; judgment accordingly. Motion for a new trial was filed on January 6, 1894, and overruled.

The defendant was not represented by counsel at the trial, for reasons stated in the motion; and this appeal brings up for review the sufficiency of the showing accounting for the absence of counsel and other errors as grounds for new trial.

On appeal, error was assigned in overruling defendant's motion for a new trial, because it appeared that the defendant's counsel was unavoidably absent, and was prevented from being in attendance on the court on the day when the judgment was rendered, and because, owing to the shortness of time, distance, and inconvenience in the means of

travel and communication, it was not possible, after it was known to counsel that he would not be able to attend the court on the day fixed for trial, to instruct other counsel in such time as to give reasonable opportunity for preparation and presentation of the grounds of defense, and because ample showing was made in support of said motion of meritorious ground of defense. It was also urged that:

"4. The court erred in its charge to the jury in instructing, that the defendant company was liable for any excessive violence or malicious acts inflicted by a passenger on the plaintiff, Lucy Miller, though such passenger was called upon by the conductor to render lawful assistance only in ejecting a negro passenger from the car or compartment thereof set aside to whites, into which she had illegally intruded herself."

The petition for writ of error, with accompanying transcript, gave in detail the proceedings in the District Court and in Court of Civil Appeals. The application, however, did not assign as error the charge of the court.

*R. G. Street,* for application.—When counsel employed in the case, after the exercise of due diligence, only discovers on the eve of trial that he will not be able to be present on the particular day when the case is expected to be tried, due diligence does not require that other counsel shall be employed, when it is already probably too late to properly instruct new counsel; and in such case the offer of counsel thus unavoidably detained to agree to any subsequent day of the term, or to allow continuance to be charged to his side of the case, is a reasonable one; and if under such circumstances judgment is taken in the absence of counsel, on motion duly filed, accompanied by affidavits showing such diligence, and also a meritorious defense to the action, a new trial should be granted.

GAINES, CHIEF JUSTICE.—We have carefully examined the application for a writ of error in this case, and are of opinion that the grounds of error therein assigned are not well taken.

In order, however, to prevent a misapprehension which may result from a refusal of the writ of error by this court, we deem it proper to say, that the charge upon the question of exemplary damages which was passed upon by the Court of Civil Appeals is not assigned as error in this court, and therefore is not before us for consideration.

The application is refused.

*Application refused.*

Delivered January 17, 1895.