MINNIE HARRIS, defendant below, plaintiff in error, *vs.* ALBERT BUEHLER, trading as ALBERT BUEHLER & COMPANY, plaintiff below, defendant in error.

*Justice of the Peace—Judicial Notice—Forthwith Summons.*

1. The Superior Court will take judicial notice that a constable issuing process from a Justice's Court is a constable of the county wherein the Justice has jurisdiction.

2. Where the record of the Justice sets out that "the plaintiff appears and makes oath there is danger of losing the benefit of his process by delay," it is unnecessary before issuing forthwith summons that his record should further show that he himself is satisfied that there is danger of plaintiff's losing the benefit of his process by delay.

(*June 16, 1898.*)

Lore, C. J., and Spruance and Grubb, J. J., sitting.

*Peter L. Cooper, Jr.*, for plaintiff in error.

*Lilburne Chandler* for defendant in error.

Superior Court, New Castle County, No. 16 to May Term, 1898.

*Certiorari* to John A. Kelley, a Justice of the Peace in and for New Castle County. The Justice sent up the following record :

"The plaintiff appears and makes oath there is danger of losing the benefit of his process by delay. I thereupon issue summons to Charles Green, constable, February 2nd, A. D. 1898, made returnable forthwith. Constable returns, served personally February 2nd, A. D. 1898, and this is verified by his affidavit in writing. And now to wit : this 2nd day of February, A. D., 1898, the defendant failing to appear, the plaintiff present ; after hearing the proofs and allegations, and maturely considering the same, the service of the summons being first verified by the oath of the Constable in writing, I thereupon give judgment by default in favor of the plaintiffs Albert Buehler, trading as Albert Buehler and Company, and against the defendant Minnie Harris, for thirty eight dollars debt and one 66-100 dollars costs of suit."

The attorney for the plaintiff in error filed the following exceptions to the above record :

1. That it does not appear by the record in the above stated Judgment that summons was "directed to any constable of the County" as by statute in that case provided.

2. That it does not appear by the record in the above stated

judgment that Charles Green was a constable of New Castle County.

3.   That it does not appear by the record in the above stated judgment that the Justice of the Peace was satisfied by the oath of the plaintiff, or otherwise, that there was danger of the plaintiff losing the benefit of his process by delay before issuing the forthwith summons set forth in the record.

LORE, C. J :—As to the first and second exceptions, the Court will take judicial notice that Charles Green was a constable of this County.

The counsel for the plaintiff in error contends that the Justice ought to have set forth on his record that he himself was satisfied that there was danger of the plaintiff's losing the benefit of his process by delay before issuing the forthwith summons. We think the exceptions are not tenable.   Judgment below is affirmed.