R. GOODWIN ET AL. V. W. M. HARRISON.

Decided January 11, 1902.

**1.—Judicial Notice—County Clerk.**

The district court will take judicial notice of who is clerk of the county court of the county in which it is sitting, and in such case a certificate such as he is authorized to make, signed by him as "county clerk," but not stating for what county, is held sufficient.

**2.—Same—Judgments—Identity of Actions.**

Where a judgment was rendered in one county and an abstract of it recorded in another county and then, after the judgment had been reversed on appeal, an action was brought in the latter county to foreclose the lien of the judgment on land there in which action no issue was made below as to the validity of the judgment, and no evidence offered as to identity of the judgments, the appellate court will not take judicial notice that it is the same judgment formerly appealed from.

Appeal from Parker.  Tried below before Hon. J. W. Patterson.

*G. A. McCall,* for appellants.

*A. G. Boyle* and *W. H. Penix,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by Harrison against the appellant and others to foreclose a judgment lien on a tract of land in Parker County.  The judgment was rendered in the County Court of Palo Pinto County, and a proper abstract thereof was filed with the clerk of the County Court of Parker County, and the certificate of the latter written thereon was as follows: "This abstract was filed for record on the 1st day of Feb., 1901, at 4 o'clock, and recorded Feb. 12, 1901, at 10 o'clock a. m.  J. E. Hodges, County Clerk."  The learned district judge found as a fact that Hodges was clerk of the County Court of Parker County when he made the certificate.

The objections urged by appellant to the certificate were not made when it was offered in evidence, but it is contended that there was no evidence of a valid judgment lien because the certificate did not show that the judgment had been duly abstracted in Parker County.  We think the objection made to the sufficiency of the evidence was good unless the District Court was required to take judicial notice that J. E. Hodges was the clerk of the County Court of Parker County at the time he made the certificate.

We have been unable to find any authority directly in point, but from cases presenting analogous questions we have reached the conclusion that the district court should take judicial notice of who is the clerk of the county court of the county in which it is sitting and trying the cause.  He is a public officer of the county, and his name and official position is notorious to everybody in the county.  He signs and certifies transcripts from the probate court to the district court, and certifies copies of records and deeds to be used in evidence in that court, and

does many other official acts which come under review in that court, and is as well known as the sheriff or constables of the county who serve and make returns on the processes of that court. We think, therefore, that that court should take judicial notice of who the clerk of the county court is, or was, when the certificate read in evidence was made, the date of the certificate showing that it was made during the current term of office. McCarty v. Johnson, 20 Texas Civ. App., 184; State v. Seibert (Sup. Ct. Mo.), 32 S. W. Rep., 670; White v. Rankin (Sup. Ct. Ala.), 8 So. Rep., 118; Martin v. Aultman (Sup. Ct. Wis.), 49 N. W. Rep., 749; Harris v. Buehler (Superior Ct. Delaware), 40 Atl. Rep., 733; Hertig v. People (Sup. Ct. Ill.), 42 N. E. Rep., 879.

The judgment of the County Court of Palo Pinto County which was thus abstracted, it is contended, was afterwards brought before this court upon writ of error and held to be void for want of jurisdiction over the amount in controversy in that court, and we are asked now to take judicial notice of that fact. No issue as to the validity of this judgment was made in the court below, and no evidence offered as to the identity of the two judgments, and we know of no authority for extending the principle of judicial notice that far, and have been cited to none.

We adopt the conclusions of fact as found by the District Court and its conclusions of law on other issues presented, overrule all the assignments of error, and order that the judgment be affirmed.

*Affirmed.*