CAROLINE CROMER v. MIKE SGITCOVICH.

Decided February 20, 1902.

**New Trial—Absence of Counsel.**

Where judgment was rendered upon an ex parte trial, a motion for new trial stating that defendant's attorney was absent because engaged in the courts of another county and could not be present without great loss to himself and injury to his clients, but not showing that defendant did not know of his absence, or relied on his being present, is not sufficient, although disclosing a defense on the merits.

Appeal from Galveston.  Tried below before Hon. Wm. H. Stewart.

*H. W. Rhodes,* for appellant.

*Maco Stewart,* for appellee.

GARRETT, CHIEF JUSTICE.—The judgment of the court below was rendered upon an ex parte trial in the absence of appellant and her counsel in the District Court for the Tenth Judicial District on June 4, 1901, against the appellant in a suit for debt and foreclosure of a lien on land. On June 26, 1901, the appellant filed a motion for a new trial which was substituted and amended by a motion filed July 1, 1901. The grounds for the motion were the unavoidable absence of her attorney and a meritorious defense.

It appears from the affidavit of the attorney that he was absent from the county of Galveston engaged in the courts of another county and could not be present without great loss to himself and injustice to his client. The case had been set down for trial, a jury demanded by the defendant, and notice of the date of trial published in the Galveston News. An offer to go to trial at the pending term was made by the appellant. The defense sworn to was that an extension of the note sued on had been made on payment of the interest and that the suit was prematurely brought, and for that reason the appellant was not liable for the 10 per cent attorney fees taxed against her in the judg-

ment. The excuse offered for the absence of the attorney is not sufficient. It is really no excuse; and it does not even appear that the appellant did not know of her attorney's absence and that he could not be present, or that she relied upon his being present when the case should be called for trial. There was no error in overruling the motion for a new trial, and the judgment will be affirmed.

*Affirmed.*