R. R. DANCY & CO. v. ROSENBERG.

(No. 6759.)

(Court of Civil Appeals of Texas. Galveston. Feb. 18, 1915.)

1. JUDGMENT ⟾126—DEFAULT—PROOF.

Rev. St. 1911, art. 1902, as amended by Acts 33d Leg. c. 127 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1902), provides that the defendant in his answer either admit or deny each fact alleged in the petition or deny that he has any knowledge or information thereof sufficient to form a belief, and that any fact not denied by the defendant shall be taken as confessed. Rev. St. 1911, art. 1939, provides that upon default, in case the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and render judgment therefor, unless

the defendant shall demand and be entitled to a trial by jury. *Held*, that as the amendment to article 1902 did not purport to change article 1939, defendant's default in filing an answer did not admit allegations of plaintiff's petition as to unliquidated damages, and plaintiff was bound to establish them by evidence, as in the past.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 223, 224, 228–230; Dec. Dig. ⟾ 126.]

2. JUDGMENT ⟾143 — DEFAULT — SETTING ASIDE.

Where defendants not only showed a meritorious defense, but offered an excuse for their default in filing answer, the default should be set aside and a new trial granted, where they agreed to go to trial at once.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. ⟾ 143.]

Appeal from District Court, Harris County; William Masterson, Judge.

Action by G. A. Rosenberg against R. R. Dancy, Sr., and R. R. Dancy, Jr., copartners doing business as R. R. Dancy & Co. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Campbell, Sonfield, Sewall & Myer, of Houston, for appellant. A. W. Boyd and A. H. Jayne, both of Houston, for appellee.

LANE, J. This suit was instituted by appellee, G. A. Rosenberg against R. R. Dancy, Sr., and R. R. Dancy, Jr., composing the firm of R. R. Dancy & Co., to recover the reasonable value of services alleged to have been performed by said Rosenberg for appellants, Dancy & Co., of the alleged aggregate value of $988.50 and for 6 per cent. interest per annum thereon from September 27, 1913. Appellee's petition was verified as required by article 1902, Acts 33d Leg. 1913, pp. 256, 257 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1902). Appellants were served with citation in manner and for the length of time required by law. The next term of the district court of Harris county in which this suit was filed, after service was had upon appellants, convened on the 5th day of January, 1914; neither of the appellants appeared, nor did either of them file an answer until after judgment had been entered against them by default. The case was called on Wednesday, January 7, 1914, same being after appearance day of that term. When the case was called, at the request of appellee, Rosenberg, the court rendered judgment by default against appellants for the sum of $1,005.07, principal and interest, as prayed for, upon the verified petition of appellee Rosenberg without hearing any evidence. On the 8th day of January, 1914, appellants filed their answer setting up a meritorious defense to appellee's suit, and on the same day filed their motion for new trial, and later, on the 12th day of January, 1914, they filed their second motion for a new trial, wherein they made the following assignments of error:

"Second. The court further erred in not setting aside said judgment as prayed for in said motion hereinabove referred to, for the reason that it developed upon a hearing of said motion to set aside judgment that no evidence was offered by the plaintiff at the time judgment by default was entered in said cause, on, to wit, January 7, 1914; it being shown that at said time the court considered as true each and every allegation set forth in plaintiff's original petition.

"Third. Because the court erred in rendering judgment by default in this cause upon the petition of plaintiff alone, unsupported by any evidence, since it was developed upon the hearing of motion to set aside the judgment, hereinbefore referred to, that the only contract, if any, which plaintiff had with defendants was $3 for each foreign invoice prepared by plaintiff, and the petition alleged the continuous employment at a reasonable compensation, which plaintiff alleges amounted to $75 per month. There was therefore a fatal variance between the allegations in plaintiff's petition as sworn to by him and the testimony of the plaintiff on the stand.

"Fourth. The court further erred in not setting aside the judgment hereinbefore entered in this cause upon the motion to set aside hereinabove referred to, for the reason that the answer as filed by the defendants herein was filed on the next day after judgment in this cause was taken. It further appeared that this court only convened on the 5th day of January, 1914, and judgment was taken by plaintiff on the 7th day of January, 1914, and motion to set aside and defendants' answer was filed on the 8th day of January, 1914, and said answer sets up a good and meritorious defense to plaintiff's suit, and because defendants are ready and willing to try said cause at this term of court, and at any day thereof that may be suggested by or agreed to by the plaintiff.

"Fifth. Because upon the hearing of the motion to set aside judgment on the 12th day of January, 1914, the defendants learned for the first time that absolutely no evidence whatsoever had been offered by the plaintiff at the time the default judgment was taken in this cause on, to wit, the 7th day of January, 1914, and only learned upon the hearing of said motion that the court had rendered judgment in plaintiff's favor against defendants purely and entirely upon the original petition of plaintiff as filed in this cause, without hearing any evidence of any kind or character whatsoever in support of the allegations contained in said pleading. That this fact was not known to defendants until after the hearing on defendants' motion to set aside judgment had begun and during the progress of said hearing."

[1] It was the contention of appellee Rosenberg, that as his petition was verified, as provided by article 1902, Acts 33d Leg. pp. 256, 257, and as appellants had not answered and had not denied the allegations of his petition, he was entitled to judgment by default upon his petition alone, without further proof; that said article 1902 authorized such default judgment, notwithstanding article 1939 of the Revised Statutes of 1911, which reads as follows:

"If in such case the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to the damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury."

The court adopted the contention of appellee, and overruled both of appellants' motions for new trial.

Article 1939, supra, was not amended, nor in any way affected by article 1902, Acts 33d Leg. The later act was intended to obviate and relieve the pleader of the necessity of making proof of those essential allegations, either in the petition or answer, not denied, after issues have been joined. It was obviously the intention of the Legislature, we think, to relieve the parties to the suit from burdening the record with testimony in support of allegations about which there was no dispute, after an answer had been filed; for it is provided by said article 1902 that "any fact not denied by defendant, or which he does not deny that he has any knowledge or information thereof sufficient to form a belief, shall be taken as confessed," and it was clearly not the intention of the Legislature, nor did it by this act authorize rendition of judgment by default upon verified petitions, other than where the demand of the plaintiff is liquidated or proven by an instrument in writing. We, therefore, think that the court below erred in rendering judgment for appellee by default, upon his petition, without proof of the matters therein alleged other than the petition, and that said court should have sustained appellants' motions for new trial upon this proposition.

[2] We also think that by their motions for new trial, as well as their answer filed in said cause, appellants show a meritorious defense to appellee's suit, and that they also show some excuse, though weak, for not having filed their answer before judgment was entered against them, and as they agreed to go to trial at once on the issues joined, so as not to prevent a trial at the appearance term, the court should have sustained their motions for new trial. See Scottish Union & Nat. Ins. Co. v. Tomkies et al., 28 Tex. Civ. App. 157, 66 S. W. 1109, and authorities there cited; Pecos & N. T. Ry. Co. v. Faulkner, 118 S. W. 747; Springer v. Gillespie, 56 S. W. 369; Chicago Ry. Co. v. Anderson, 141 S. W. 513; Gillaspie v. City of Huntsville, 151 S. W. 1114.

Believing, as we do, that the trial court erred in rendering judgment by default upon the petition of appellee without further proof of the matters therein alleged, and that it also erred in not thereafter setting aside said judgment so rendered, for the reasons hereinbefore given, the judgment of the lower court is here reversed and the cause remanded.

Reversed and remanded.