SOUTHWESTERN SURETY INS. CO. v. GULF, T. & W. RY. CO. (No. 8531.)

(Court of Civil Appeals of Texas. Ft. Worth. March 17, 1917. On Motion for Rehearing and to Certify, May 26, 1917.)

1. JUDGMENT ⊂⊃143(17)—DEFAULT—RIGHT TO TAKE.

Letters from plaintiff's attorneys to defendant's attorneys, stating that the writers were not willing to accede to the settlement suggested by defendant's attorneys, and that in the absence of any satisfactory offer they would proceed with the trial of the case, could not have misled defendant into believing that a settlement would be effected and that no judgment would be demanded, and hence did not authorize the setting aside of a default judgment rendered against defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 290.]

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. JUDGMENT ⟨⟩143(14)—DEFAULT—EXCUSE.**

Where suit had been filed a month before default judgment was taken and defendant's attorney had been advised thereof, the fact that such attorney was called to a distant state by the illness of his sister did not excuse defendant's failure to file an answer before the appearance day or have an attorney present to represent him on that day, where it was not specifically shown that the absence of his attorney prevented him from securing another attorney or filing his answer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 287.]

**3. APPEAL AND ERROR ⟨⟩865 — DEFAULT — CONCLUSIVENESS AND EFFECT.**

A defendant against whom a default judgment had been rendered was precluded on proceedings in error from asserting any defense as to its liability and was limited to the question of the amount of the judgment rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3462-3466.]

**4. JUDGMENT ⟨⟩126(1)—RENDITION OF DEFAULT JUDGMENT—PROOF.**

Where, in a railway company's action against the surety on a contractor's bond for the amount of a judgment on foreclosure of a statutory lien attaching to plaintiff's property through default of the contractor and for the costs of such suit, the judgment was not introduced in evidence or the amount thereof shown, and there was no evidence as to the costs, it was error to render a default judgment for the amount of such judgment and costs.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 223, 224, 228.]

**5. EVIDENCE ⟨⟩43(3) — JUDICIAL NOTICE — JUDGMENT.**

Judicial notice cannot be taken of the amount of a judgment to which the defendant in the case on trial was not a party, though adjudicated in the same court and by the same judge.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 64.]

Error from District Court, Jack County; F. O. McKinsey, Judge.

Action by the Gulf, Texas & Western Railway Company against the Southwestern Surety Insurance Company. Judgment for plaintiff, and defendant brings error.. Reversed and remanded, with directions.

Capps, Cantey, Hanger & Short, of Ft. Worth, for plaintiff in error. Sporer & McClure, of Jacksboro, for defendant in error.

BUCK, J. Defendant in error sued plaintiff in error as surety on a contractor's bond, executed by the Texas Building Company, as principal, and plaintiff in error, as surety, the bond being in the penal sum of $20,-000, conditioned that the Texas Building Company, hereinafter called "Building Company," would well and truly perform its contract with the defendant in error for the construction of its railroad from Jacksboro to Salesville, Tex., and would hold defendant in error harmless and indemnify it against every claim, lien, demand, or suit for materials furnished, or for labor done, in performing the work under said contract, and remunerate and reimburse defendant in error for any and all judgments, costs, and expenses of every nature and kind whatsoever which it might be required to pay by reason of the performance or the nonperformance of the said construction contract. Allegations were made that one C. L. Walker, as assignee, instituted suit against said Building Company and J. H. Holland, a subcontractor, on account of certain work and labor claimed, and sought a foreclosure on the property of defendant in error for alleged laborers' and materialmen's liens; that at a trial thereof judgment was rendered against said Building Company for $799.34, with interest at 6 per cent. from September 3, 1913, the date of judgment, and foreclosing a statutory lien on defendant in error's property; that said Building Company gave notice of appeal and filed a supersedeas bond, but failed to perfect its appeal, and judgment was affirmed on appeal against the sureties on said supersedeas bond of said Building Company; that defendant in error and the said C. L. Walker made every effort to collect said judgment against the said Building Company and its sureties on its supersedeas bond, but that execution was returned by the sheriff of Tarrant county nulla bona; that said Building Company, as well as its sureties, had no property upon which execution could be collected; and that defendant in error was informed that they were insolvent. Defendant in error further alleged that on the 6th day of January, 1915, it was compelled to pay the said Walker judgment, which "with the interest and all costs that had been incurred in the premises at that time amounted to the sum of $969.-66"; that it had notified plaintiff in error of the said judgment, but that plaintiff in error had refused to pay off the same; that said judgment was a just one, and by reason of the premises plaintiff in error was justly due defendant in error said sum of $969.66, the amount of the judgment, costs, etc., with legal interest from the date of its payment, for which amount the defendant in error prayed judgment.

The only exhibit attached to defendant in error's petition was the bond executed by the Building Company, as principal, and plaintiff in error, as surety. Plaintiff in error, though duly served, having failed to answer, on appearance day, to wit, March 2, 1915, judgment by default was rendered against it for the full amount prayed for. Plaintiff in error on March 18, 1915, filed its motion for a new trial, in which it urged that by reason of certain correspondence between its attorney and the attorney for the defendant in error it was led to believe that no judgment would be demanded on appearance day by defendant in error, and that the claim against plaintiff in error would be compromised and settled. It further alleged that on account of the unavoidable absence from the state of its attorney, who had been

called to the bedside of a sister who was very sick, it was denied the right and privilege of representation by an attorney at the time of the taking of said default judgment. It was further pleaded that plaintiff in error was not guilty of any neglect or laches in permitting the default judgment to be rendered, and that it had a meritorious defense by reason of the fact that defendant in error failed to comply with the terms of the construction contract between defendant in error and the Building Company, in failing to withhold at least 10 per cent. of said contract price until the complete performance by the said Building Company of its contract. It was urged that said provision inured to the benefit of plaintiff in error as surety, and that defendant in error knew, at the time it paid the full contract price and failed to withhold the 10 per cent. thereof, of the existence of the laborers' and materialmen's claims which subsequently ripened into the Walker judgment.

On March 22, 1915, judgment was entered overruling plaintiff in error's motion for new trial, which judgment recites, in part, as follows:

"And it appearing to the court that said defendant was not made a party to the suit, C. L. Walker v. Texas Building Company, and the Gulf, Texas & Western Railway Company, and J. H. Holland, in which judgment was rendered in favor of C. L. Walker, and it further appearing to the court that in this case plaintiff offered no proof as to the amount of indebtedness due plaintiff by defendant, yet the court is of the opinion that defendant has shown no reasonable or legal excuse for not appearing and answering herein, and that the judgment herein, should not be vacated. It is therefore ordered, adjudged, and decreed by the court that said motion for new trial be and the same is in all things overruled."

No statement of facts appears in the record, but plaintiff in error attached to its motion for new trial, or rather included in it, an affidavit from E. V. Mitchell, who stated that he was chief adjuster and claim attorney for plaintiff in error, and that on or about February 5, 1915, he was apprised of the filing of the suit herein, and of the names of the attorneys representing the plaintiff; that he immediately began to correspond with said plaintiff's attorneys for the purpose of effecting a settlement or adjustment; that he firmly believed that as a result of such correspondence an amicable adjustment would be effected; that on or about February 8th he was apprised by telegraph of the serious and dangerous illness of his sister in Illinois, and went immediately to said state, and was there detained by reason of said sister's sickness until March 4th thereafter; that the attorneys for plaintiff in the court below were notified by letter of February 12th of affiant's absence and the cause thereof; and that by letter of March 9th from said plaintiff's attorneys defendant below was advised for the first time that a default judgment had already been taken. Affiant further stat-

ed that he was in charge of all matters pertaining to litigation of this character had by defendant and charged with the duty and responsibility of attending to the same, and that there was no one else in the office who was advised of the merits of this claim and suit, and that, as soon as he was advised of judgment having been taken, he took prompt steps to file a motion for new trial, etc.

[1, 2] In the condition of the record, we are not prepared to say that the trial court erred in his conclusion that the defendant below was not entitled to a new trial on the ground here claimed; that is, that defendant showed, even in its motion, a sufficient excuse or reason for its failure to file an answer before appearance day. Hence we overrule plaintiff in error's second assignment, which presents this question. The correspondence set out in the motion fails to disclose that plaintiff's attorneys had made any offer or promise to continue the cause, or to refrain from taking judgment on appearance day, or that they had agreed to any compromise or adjustment. On the other hand, their letters convey the information that they are not willing to accede to the settlement suggested by defendant's attorneys, and that in the absence of any satisfactory offer they would proceed with the trial of the case. Hence we are of the opinion that the contention that defendant was misled by said letters into believing that a settlement would be effected, and that no judgment would be demanded or taken, cannot be sustained. Nor do we think sufficient diligence was shown, even by the pleadings, to file an answer before appearance day, or to have some attorney present on said day to represent the defendant below. The suit had been filed at least a month before default judgment was taken, and defendant attorney had been advised thereof, both by citation and by letters. He knew when the court convened at Jacksboro, and though it is urged that, on account of the urgent nature of his call to a distant state, Mr. Mitchell was not able to be present, yet it is not shown that the defendant thereby was prevented from having representation or from filing its answer. We think due diligence would have required that the defendant should have employed further counsel when it was known that its attorney who had such matters in charge was absent from the state, and would probably be absent when the case was called for hearing. I. & G. N. Ry. Co. v. Miller, 87 Tex. 430, 29 S. W. 235; Ratcliff v. Hicks, 23 Tex. 173; Freeman v. Neyland, 23 Tex. 529; Cromer v. Sgitcovich, 28 Tex. Civ. App. 193, 66 S. W. 882.

Plaintiff in error's first assignment urges that the cause of action as shown in plaintiff's original petition is not liquidated; "that the amount of damages, if any, had never been adjudged by any suit or proceeding, or agreement, in which this defendant was a

party, or in any way represented, or which is binding on this defendant"; that the judgment was rendered by default without any proof of the amount of the claim, the justness thereof, or the liability of the defendant for same.

It will be remembered that plaintiff's petition contained allegations as to the Walker judgment and the amount thereof, to wit, $799.34, and the date of its rendition. The judgment in the instant case is for $969.66, which the petition stated was the amount of the Walker judgment "with interest and all costs that had been incurred in the premises."

[3] We think in the state of the record here shown plaintiff in error is precluded from successfully asserting any defense as to its liability, and is limited only to the question of the amount of the judgment rendered.

"A default admits the cause of action and the material and traversable averments of the declaration, although not the amount of damages; and, upon the proceeding for their assessment, the amount of damages is all that the plaintiff is required to prove or the defendant is permitted to controvert. The former must produce whatever evidence is necessary to fix the amount of his claim with precision." 1 Black on Judgments, § 91, p. 100.

[4, 5] Even in a suit on a promissory note, judgment is not rendered upon the allegations of the petition, but upon the note itself, which is required to be produced or proof of its contents offered, in order to show the amount of defendant's liability. Trabue v. Stonum, 20 Tex. 453; Niblett v. Shelton, 28 Tex. 548; Harland v. Hendricks, 19 Tex. 292; articles 1938, 1939, Vernon's Sayles' Texas Civil Statutes, and authorities there cited; R. R. Dancy & Co. v. Rosenberg, 174 S. W. 831. The Walker judgment not having been introduced, nor any evidence as to its amount, we are of the opinion that there was presented to the court no sufficient basis for rendering a judgment in the amount shown in the instant case. Even had the Walker judgment been introduced, which was not done, we think evidence would have been necessary to establish the costs accrued at the time of the rendition of said judgment and subsequent thereto, and the amount plaintiff had been required to pay. The trial court would not be authorized to take judicial cognizance of the Walker judgment, to which the defendant below in the instant case was not a party, for the purpose of determining the amount of said Walker judgment, and the amount due plaintiff in the instant case. The court cannot take judicial notice of the record in another case, between different parties, though adjudicated in the same court and by the same judge. Taylor v. Shelton (writ denied) 134 S. W. 302; Goodwin v. Harrison, 28 Tex. Civ. App. 7, 66 S. W. 308. It is said in 16 Cyc. p. 918, par. d:

"A judge is not at liberty to give one of the parties the benefit of a fact known to himself simply because it is a matter of record in his own court. Courts, including those of probate, cannot in one case take judicial notice of their records in another and different case, even though the cases are connected."

See, also, State v. Savage, 105 Tex. 467, 151 S. W. 530; Armendiaz v. Serna, 40 Tex. 291. While, as is decided in State v. Savage, supra, where an appellate court has already determined by its final judgment the status of the law, within a certain locality, it may consider its determination in the first case and take judicial notice of the former decision to decide a case subsequently presented, yet it cannot consult the record in another case to ascertain a fact not shown by the record in the case before it. It becomes immaterial, in this case, whether the judgment rendered by the trial court was for liquidated damages, as claimed by defendant in error, or for unliquidated damages, as claimed by plaintiff in error, since there was no evidence introduced upon which the court or the clerk might determine the amount of damages to which plaintiff was entitled.

Hence we conclude that plaintiff in error's first assignment must be sustained, and the judgment reversed in so far as the amount of recovery is concerned only, with instructions to the trial court to hear evidence upon this issue.

Judgment reversed, and cause remanded, with instructions.

### On Motion for Rehearing and to Certify.

Plaintiff in error, as a ground for the issuance of certificate of doubt by us, urges that, in reversing the judgment and remanding the cause as to one issue only, we are in conflict with the Court of Appeals for the First District in Dancy & Co. v. Rosenberg, 174 S. W. 831. In that case the court reversed the judgment and remanded generally for the evident reason that it found that the defendant below had a meritorious defense, and also showed excuse for failure to file answer before default. But no such condition exists in the instant case, and we are of the opinion that no conflict of law has been shown.

The motion for rehearing, and also the motion to certify, is overruled.