**WELSCH et al. v. KEETON et ux.** (No. 7618.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1926.)

**1. Judgment** ☞145(3) — **General statement that movant has meritorious cause is insufficient.**

Facts must be stated in motion to set judgment aside and for new trial supported by affidavit sufficient to show prima facie case; general assertion of·meritorious cause being insufficient.

**2. Judgment** ☞143(15).

Movant is not entitled to new trial for illness of counsel preventing defense, unless he shows clear case of diligence, as well as meritorious defense.

**3. Judgment** ☞153(1).

Plaintiff, seeking new trial because of attorney's illness, preventing defense, without explanation of delay of more than month after rendition of judgment in seeking relief, *held* not to have shown diligence.

**4. Judgment** ☞138(1), 145(2).

Order setting aside judgment and granting new trial is not warranted, where motion shows neither merit nor diligence.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by J. O. Keeton and his wife against Nathan M. Welsch and another. From an order setting aside judgment in favor of defendants, and granting a new trial, the defendants appeal. Reversed.

T. T. VanderHoeven and B. A. Greathouse, both of San Antonio, for appellants.

A. B. Cowen, of San Antonio, for appellees.

FLY, C. J. This is a suit instituted by the appellees J. O. Keeton and Lillie Probandt Keeton, his wife, against Nathan M. Welsch and Arthur Shnitzer, appellants, for damages growing out of alleged misrepresentations made by appellants in regard to two lots of land in Hillcrest addition to San Antonio which they sold to appellees. Appellants answered by general demurrer, special exceptions, and general denial, and set up a cross-action against appellees on the balance due on a promissory note executed by them. Appellees were duly cited to answer the cross-action, but when the cause was called for trial they failed to appear to prosecute their suit and defend against the cross-action. The court, after hearing evidence on the cross-action, rendered judgment in favor of appellants for $994.35, and dismissed appellees' cause of action for want of prosecution. On December 21, 1925, a month and nine days after the judgment was rendered. A. B. Cowen, attorney of record for appellees, filed a motion styled "motion to set aside judgment." The grounds for the motion were

that, when the judgment was rendered on November 12, 1925, the attorney "was ill and prevented by reason of said illness to be in court," and "because plaintiffs' attorney, A. B. Cowen, further believes, as the pleadings in this cause show, that the plaintiffs have a *meritorious* cause of action against defendants in this cause, and which merits in this cause can alone be determined upon the trial of this cause." The court set aside its former judgment; in other words, granted a new trial. From that order this appeal was perfected by appellants.

[1] The motion for new trial made the bare assertion that the attorney for appellees believed that they had "a meritorious cause of action"; no circumstances being stated to indicate to the court that there might be merit in the cause of action. The attorney stated his conclusion that there was merit in the suit filed by him for his clients, but nothing was stated to show upon what that opinion of counsel was based. It is the rule supported by many decisions that enough must be stated in the motion for new trial, supported by affidavit, to show at least a prima facie case of action or defense, and the general statement that the party has a meritorious cause of action or defense is not sufficient. Foster v. Martin, 20 Tex. 118; Cook v. Steel, 42 Tex. 53; Montgomery v. Carlton, 56 Tex. 431; Contreras v. Haynes, 61 Tex. 103; Sharp v. Schmidt, 62 Tex. 263; Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Railway v. Miller, 87 Tex. 430, 29 S. W. 235; Railway v. Kelley, 99 Tex. 87, 87 S. W. 660; Kruegel v. Bolanz (Tex. Civ. App.) 103 S. W. 435; Keller v. Keller (Tex. Civ. App.) 141 S. W. 581; Wheat v. Improvement Dist. (Tex. Civ. App.) 217 S. W. 713; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Cragin v. Oil Co. (Tex. Com. App.) 280 S. W. 554; Thomas v. Goldberg (Tex. Civ. App.) 283 S. W. 230.

[2, 3] Not only did the motion omit any facts tending to show a meritorious cause of action, but offered no excuse for failure to file the motion for so long a time after rendition of the judgment. It is not contended that appellees and their counsel did not know when the cause was set down for a hearing; the only excuse for them not being present being that the attorney was "ill" at the time of the trial. It is not disclosed how long the attorney was indisposed nor when he ascertained that the judgment had been rendered. As said in the cited case of Thomas v. Goldberg:

"Before appellant was entitled to have said judgment set aside and a new trial awarded, it was incumbent upon him to show a clear case of diligence, as well as a meritorious defense, to show that he had a good defense, which he was prevented from making by fraud, accident, or the acts of the opposite parties, wholly unmixed with·any fault or negligence on his part."

It did not appear from the motion that appellees did not know that the cause would be taken up at the time it was, nor that counsel was so sick that he could not have communicated with the court as to his condition, nor that he could not within two days have applied for a new trial of the case. The motion shows an utter lack of diligence and failed to disclose a meritorious defense to the cross-action, or that they had a meritorious action against appellants. We keep in view the rule that the power of granting such motions is largely a matter of discretion with the trial judge, but there must be allegations in the motion to form a basis for the exercise of such discretion. There were no·allegations upon which to rest the exercise of the power of granting a new trial as was done by the trial judge.

The judgment of the court granting a new trial is reversed, and it is the order of this court that the judgment first rendered by the trial judge be made the judgment of this court, and that judgment is rendered by this court.