UNIVERSITY DEVELOPMENT CO. et al.

v. WOLF et al.

No. 9714.

Court of Civil Appeals of Texas. San Antonio.

April 8, 1936.

Rehearing Denied May 6, 1936.

W. C. Douglas and E. S. J. Whitehead, both of San Antonio, for appellants.

VanderHoeven & Greathouse and H. M. Zuercher, all of San Antonio, for appellees.

BOBBITT, Justice.

This suit was filed February 14, 1934, by plaintiffs, Rosa, Mathilde, and Ida Wolf, appellees here, against the defendants, University Development Company and Hall P. Street, the appellants, to recover a balance of $4,048.88 and interest from February 6, 1934, and attorney's fees, due upon a certain promissory note for $10,000, originally given to plaintiffs by the Street Realty Company, December 28, 1925, secured by deed of trust upon certain real estate in Bexar county.

On March 4, 1930, said Street Realty Company sold said real estate to defendant University Development Company, and the latter, in writing, assumed the payment of said indebtedness. On June 4, 1931, said development company, in writing, renewed said promissory note for a balance of $8,000 then owing thereon and the deed of trust lien and assumption lien securing the same; and, in addition thereto, said defendant Hall P. Street, in writing, expressly guaranteed the payment of said promissory note. On February 6, 1934, after having first served, posted, and mailed notices of trustee's sale, as required by the terms of the deed of trust, the trustee therein, Greathouse, sold the real estate to the plaintiffs on their bid of $5,000 gross; and he executed to the plaintiffs a good and sufficient deed of conveyance to said property. Thereupon the net sum of $4,470.87 was duly credited on said promissory note then amounting to $8,519.75, leaving due said balance of $4,048.88 sued for herein. There is no complaint of any of the proceedings leading up to the trustee's sale, other than the alleged fact that the moratory statute forbade the making of any trustee's sale on said February 6, 1934. On June 2, 1934, Hall P. Street, in propria persona, filed his unsworn answer in

said cause. The development company defaulted. On October 3, 1934, final judgment was taken by plaintiffs against both defendants, jointly and severally, for $4,-688.31, being the deficiency due upon said promissory note, principal, interest, and attorney's fees. On October 5, thereafter, the defendants filed a joint motion for new trial, which was heard and overruled by the court on November 27, 1934, to which said ruling the defendants duly excepted and gave notice of appeal.

Although defendants filed their motion for a new trial on October 5, 1934, within two days after the rendition of the final judgment herein, and the term of court did not expire until December 1, 1934, neither defendant saw fit to bring up a statement of the facts adduced on the trial of the cause.

 In their first proposition appellants complain of the action of the trial court in overruling their joint motion for a new trial, on the contention that appellant Hall P. Street "did not have his day in court," for the reason that in the judgment entered on October 3, 1934, it was recited that he had failed to answer, when in truth and in fact he had filed a formal answer and disclaimer, on June 2, 1934, and that he was not notified of the setting of the case at the time judgment was taken against him. It also seems clear that Street did not care to participate in any proceedings in connection with the suit against him, for the reason that in his answer he expressly stated:

"And especially answering said petition, this defendant disclaims any interest in said suit, or any responsibility for same, and says that he is not interested in the outcome of said cause, and of this he prays judgment that he go hence and recover his costs."

In view of the fact that Street had theretofore, in writing, bound himself to pay the amount due, and then joined in renewals and extensions of the notes and liens securing the debt, it seems clear that he had decided to do what he actually did, disclaim any further interest in the efforts to prevent judgment and foreclosure on the debt. Apparently Street was not "interested" in his day in court. Certainly a party has the right and privilege, under our laws, to waive his day in court or disclaim any further interest in a pending lawsuit. The other appellant, University Development Company, wholly defaulted

and did not even leave a formal answer or any notice of its "disinterestedness" in the pending suit, wherein appellees were simply trying to collect a debt which appellant had promised in writing to pay. In this situation the trial court entered the judgment bearing date October 3, 1934. Two days thereafter the appellants joined in a motion for a new trial, which the court, after another delay of about two months, overruled. In their motion for a new trial appellants alleged that the "defendant University Development Company had a meritorious defense to said cause of action." This is, of course, a mere statement, a conclusion, and does not purport to advise the trial court of any facts or reasons why the judgment as theretofore entered should be disturbed.

 The rule is well established in this state that in order to secure a new trial, in cases of a default judgment, a party must allege facts, under oath, showing not only that he was prevented from presenting his defense at the proper time by some cause unmixed with negligence on his own part, but that he "had a good defense to the action brought against him, and his defense must be made to appear." The trial court is entitled to be definitely informed of the particular claims and complaints of the party seeking to disturb or have set aside a judgment theretofore entered. See Welsch v. Keeton (Tex.Civ. App.) 287 S.W. 692, and authorities cited; Wheat v. Ward County Water Imp. Dist. (Tex.Civ.App.) 217 S.W. 713; McCaskey v. McCall (Tex.Civ.App.) 226 S.W. 432, and cases cited.

 Appellants had ample time and opportunity to amend their motion for a new trial and therein to set up in proper form any and all complaints and defenses which they may have had originally; it was their duty so to do, and their failure or refusal to so inform the trial court is their own responsibility. They have no legal complaint, under such circumstances, at the action of the trial court in overruling their motion for a new trial. We affirm the action of the trial court. Stewart v. Byrne (Tex.Com.App.) 42 S.W.(2d) 234, and authorities.

 Appellants' second proposition must be overruled. The contention therein made that the trustee's foreclosure sale was made on a day proscribed by the Legislature cannot be sustained. All of the so-called Moratory Laws (Vernon's Ann.Civ.

St. art. 2218b, and note), of which the act relied upon by appellants is one, were definitely determined by our Supreme Court to be unconstitutional and void as impairing the obligation of contracts. Travelers' Ins. Co. v. Marshall, 124 Tex. 45, 76 S.W. (2d) 1007, 96 A.L.R. 802; Murphy v. Phillips (Tex.Civ.App.) 63 S.W.(2d) 404, and various cases cited.

The contention of appellants in their third proposition, under the circumstances set out in the record and briefs, would be sustained if the appellant University Development Company had complied with its simple duty of informing the trial court of all the facts, and of "showing definitely that it had a meritorious defense to the cause of action alleged against it." Its failure in this respect makes it our duty to affirm the action of the trial court. Welsch v. Keeton, supra.

Our conclusions, as above stated, answer all of appellants' contentions, and finding no reversible error in the trial of this cause, the judgment entered by the trial court is in all things affirmed.