VALLEY FORGE LIFE INSURANCE COMPANY, Appellant,

v.

Elouise Wyatt DAILY, Appellee.

No. 17219.

Court of Civil Appeals of Texas, Fort Worth.

May 14, 1971.

Fillmore, Lambert, Farabee & Purtle, and Glynn Purtle, Wichita Falls, for appellant.

Prothro & Sellers, and Lee Sellers, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

Judgment by default was rendered for plaintiff Elouise Wyatt Daily on account of a loss occurring under a life insurance policy (as result of the death of her husband). The defendant was a life insurance company, Valley Forge Life Insurance Company. The judgment was for the face amount of the policy, plus 12% penalty and plus attorney fees. The defendant's Motion for New Trial was filed within 10 days' time and thereafter amended. Following a hearing held on defendant's Amended Motion for New Trial order was entered overruling the same. The defendant insurance company appealed.

Affirmed.

Vernon's Ann.Tex.St., Insurance Code, Art. 3.62, "Delay in Payment of Losses; Penalty For", reads:

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy. Acts 1951, 52nd Leg., ch. 491."

It is to be observed that it necessarily follows from the provisions of Art. 3.62, Insurance Code, that there is a distinction to be made between plaintiff's claim for policy benefits if "paid" within thirty days after demand therefor and her claim for benefits if "not paid" within said thirty day period. By operation of the law, pursuant to provisions of the article, her claim after thirty days would grow into one for policy benefits (as provided by the original insurance policy) plus 12% thereof added, and also plus an amount for attorney's fees.

In the instant case the insurance company did not deliver and "pay" plaintiff the face amount provided by its policy and by the law "if paid" within thirty days after the receipt of the demand therefor. Therefore plaintiff's claim and cause of action was for said face amount plus 12% thereof and plus some amount as attorney's fee for its prosecution and collection.

Under the record made on the default judgment and on the Motion for New Trial the insurance company did timely mail what it considered to constitute "payment" under the policy if made within thirty days after demand. What was mailed was said company's draft. Of course, a draft would not be legal tender unless "received as such" or agreed to be so received. No opportunity was afforded plaintiff to make such agreement or election for the reason that the draft was never received by her.

After the expiration of the material thirty day period plaintiff filed suit upon the cause of action which had accrued to her, i. e., upon her claim for the face amount of the policy, plus 12% thereon and plus an

amount for an attorney's fee. Date suit was filed was August 26, 1970. Citation was served August 31, 1970.

Before time for answer the staff attorney for the insurance company, in its Chicago office, telephoned plaintiff's attorney. Date of said telephone conversation was September 8, 1970. Said staff attorney was advised that plaintiff had never received the draft aforementioned, and he stated to plaintiff's attorney that he would stop payment on it and for information would supply plaintiff with a copy of the draft which it had mailed. We quote from said individual's affidavit: "Plaintiff's attorney did not mention taking any further action in seeking a default judgment and it was assumed by me that he (plaintiff's attorney) would not take any further action toward a judgment in the case until I could forward him proof that the payment had been made prior to thirty (30) days following receipt of proof of loss by Valley Forge Life Insurance Company."

September 18, 1970, the insurance company mailed another draft. Its amount was the same as that in the original draft which was never received. In other words it was not for payment of the face amount of the policy plus 12% plus any amount for attorney's fee. Furthermore, said draft contained writing to the effect that it was "for COMPROMISE SETTLEMENT OF LAWSUIT". Obviously the insurance company did not desire to pay plaintiff anything unless what it paid settled and compromised the pending suit. It did not desire to pay the amount which would have retired its liability, had it been "paid" within thirty days of the receipt of demand, unless its whole liability would thereby be extinguished.

The evidence made in the record showed that the payment of the original or face amount of the policy was acceptable by draft (as "legal tender"—as a payment made upon and to be credited to said insurance company's liability), but was not acceptable for the purpose of compromising and settling plaintiff's pending lawsuit.

On September 24, 1970, the attorney representing the plaintiff mailed the draft (of September 18, 1970) back to the insurance company's staff attorney with a cover letter stating that the draft was unacceptable because of the notation "Compromise Settlement of Lawsuit". It was further stated in the letter that "At no time since the filing of the captioned lawsuit has it ever been intimated to you or any other representative of your company that the face amount of the policy would be accepted in settlement of such action."

The default judgment was rendered September 23, 1970, the day before the aforesaid letter was written. Nothing in the letter so informed the insurance company. However, the record is silent upon the question of whether plaintiff's attorney had received the draft and letter accompanying it (dated September 18, 1970) prior to the time the default judgment was taken. From a legal standpoint such is immaterial.

The insurance company's sole ground of error is based upon the contention that the trial court abused its discretion in overruling the Motion for New Trial.

The insurance company has not shown that the plaintiff was "paid" within the thirty day period following receipt of plaintiff's demand, by receipt of the draft which was timely shown to have been mailed (aside from any question of whether there might have been consent on the part of the plaintiff that she would accept same as, or in lieu of, legal tender). Therefore the company has not exhibited that it had the meritorious defense essential to sustain its Motion for New Trial. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939); Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup., 1966).

The only "mistake" which could have caused the insurance company's failure to answer in the suit was the assumption on the part of its staff attorney that no action

would be taken toward a judgment until the defendant's representative could forward him proof that payment had been made prior to thirty days following receipt of proof of loss by the insurance company. Not included nor otherwise appearing is the contention that there was justification for the company's failure to answer in that anything, either affirmative or negative in form, was said or done by plaintiff or her attorney justifying the company's conclusion that a settlement would be effected, and that no judgment would be demanded or taken. Nothing in the record presents any fact authorizing or justifying the company's staff attorney's conclusion that judgment would not be taken in case of a failure to answer. Indeed, we cannot construe anything in the evidence to charge plaintiff with any such promise, even impliedly. It was the insurance company's hope that plaintiff would not proceed. Only this could be said to be evidenced in the record. It is not enough. Southwestern Surety Ins. Co. v. Gulf, T. & W. Ry. Co., 196 S.W. 276 (Fort Worth, Tex.Civ.App., 1917, writ refused).

In the instant case it was essential, in order for the insurance company to show its entitlement to a new trial, that it establish the material element of mistake, plus a display that if given the opportunity to present same there existed facts beneficial to the company constituting a meritorious defense to the plaintiff's action. The company failed to show mistake and to show facts constituting a material defense. There could not have been any abuse of discretion by the trial court in overruling the Motion for New Trial.

It is interesting to note that the company admits liability in its Motion for New Trial. In our view this constitutes—under the circumstances of the case—an admission of liability for the face amount of the policy *plus* 12% penalty (by reason of the applicability of the statute), leaving only the matter of the amount of attorney's fees as the subject of litigious controversy. In other words the company's only available

presentation would be that it has a meritorious defense which would reduce the amount allowed for attorney's fees. Nothing in its Motion for New Trial has the remotest relation to such subject.

Judgment is affirmed.