White v. Lynch.

E. P. WHITE AND ANOTHER, V. HUGH LYNCH & CO.

The affidavit for the writ of garnishment alleged that the garnishee " is indebted to said defendant, or has in his hands effects of said defendant;" the garnishee excepted to the affidavit for the reasons that it was double and that it was in the alternative; *held*, that the exceptions were properly overruled.

Lumber sawed at a mill which was the separate property of the wife, by the labor of slaves also her separate property, and out of timber procured from land which likewise was her separate property, is nevertheless the property of the community, and not the separate property of the wife.

In the case of De Blane v. Lynch & Co., (23 Tex. R., 25,) cited and approved.

APPEAL from Liberty. Tried below before the Hon Peter W. Gray.

The appellees, plaintiffs in a judgment against Edward J. Gillard, by their attorney, sued out their writ of garnishment against E. P. White, one of the appellants, alleging in their affidavit for the writ that Gillard, the defendant in the judgment, had no property within their knowledge, and that White, the garnishee, " is indebted to said defendant, Edward J. Gillard, or has in his hands effects of said defendant."

White excepted to the affidavit, assigning for cause of exception that it was double, and that it was in the alternative, wherefore he prayed that the garnishment be quashed. The court overruled the exception.

White answered, alleging that he had obtained from the mills known as Gillard's Mills, lumber to the value of one hundred and sixty dollars; that he was indebted therefor at the date of service of the garnishment upon him, but did not know whether his indebtedness was to Edward J. Gillard, or to Elizabeth Gillard, his wife; that the mills, and the land on which they were situate, were the separate property of· Elizabeth Gillard, as were also the hands (except a free sawyer,) employed at the mills. And upon these facts he submitted to the court whether he was indebted to Edward J. Gillard, defendant in the judgment, or to his wife, Elizabeth Gillard.

The plaintiffs excepted to this answer, but the court overruled the exceptions, and ordered that Elizabeth Gillard be made a defendant, and be cited to the next term of the court.

At the ensuing term, Elizabeth Gillard intervened, alleging that the garnishee, White, was indebted to her in her separate right, and not to her husband, for the lumber referred to. She set forth the same facts averred by White in his answer, with the additional one that the logs out of which the lumber was sawed were cut from land which was her separate property.

Upon the exception of the plaintiffs for insufficiency, the court struck out the plea of intervention, and gave judgment for the plaintiffs against the garnishee upon his answer, for one hundred and sixty dollars, the sum admitted by him, allowing him his costs to be deducted therefrom.

Both the garnishee, White, and the intervenor, Elizabeth Gillard, appeal, assigning for error the overruling of the garnishee's exceptions to the plaintiff's affidavit, the sustaining of the plaintiff's exceptions to the intervenors' plea, and the judgment in favor of the plaintiffs.

*C. L. Cleveland*, for the appellants.

*E. B. Pickett*, for the appellees.

BELL, J. We are of opinion that the court below did not err in overruling the exception to the affidavit upon which the writ of garnishment issued. We are, also, of opinion that the answer of Mrs. Elizabeth Gillard showed that the property in controversy was community property, and that there is no error in the judgment. The case is decided upon the authority of the case of De Blane v. Lynch, 23d Tex. R., p. 25.

Judgment affirmed.