### SARAH A. HOLLAND v. JOHN H. SEWARD.

(No. 1178, Op. Book No. 2, p. 132.)

APPEAL from Washington County. Opinion by WALKER, A. S., J.

§ 944. *Community property; suit for, by surviving wife.* A married woman owned in her separate right a tract of land. Her husband sold timber off this land to the owner of a saw mill, taking the obligation of the purchaser for so many dollars to be paid in lumber. The husband was the payee in the obligation. After the death of the husband, the wife brought suit in her own right upon the obligation, claiming that the debt was her separate property. *Held,* 1. Under the law, as announced by our supreme court, the obligation was community property. [De Blane v. Lynch, 23 Tex. 25; White v. Lynch, 26 Tex. 195; Carr v. Tucker, 42 Tex. 337.] 2. Upon the death of the husband, the legal title to his half interest in the community vested in his heirs. [Yancy v. Batte, 48 Tex. 46; Johnson v. Harrison, 48 Tex. 257; Veramendi v. Hutchins, 48 Tex. 531.] 3. The right to sue for community property after the death of the husband, is 1, in the administrator, if any; 2, in the widow on showing compliance with community property law by filing bond and inventory; or 3, by showing no administration and no need for one in absence of debts, or from lapse of time, in which cases the heirs would be allowed to sue.

June 23, 1880.　　　　　　　　　　　　　　　　Affirmed.