Opinion by
Willson, J.
. §313. Garnishment; affidavit for. An affidavit for an attachment may be made by the attorney of the plaintiff. [R. S. art. 5; W. & W. Con. Rep. § 1040.] It was not required in this case, there being a judgment against the debtor, that the affidavit should state that the writ applied for was not sued out to injure either the defendant or the garnishee. This requirement applies only where the writ is sued out before judgment obtained against the debtor. [R. S. art. 183, sub. 2.] It was not a good objection to the affidavit that it was in the alternative; that is, that it stated that the garnishee “is indebted to or has effects of defendant in its hands,” and “that defendant is the owner of shares in said company or has an interest therein.” [White v. Lynch, 26 Tex. 195; Hopkins v. Nichols, 22 Tex. 206.] The affidavit in this case follows the language of the statute, and contains every requisite prescribed by the statute. It states that plaintiffs have a judgment against the debtor, stating the amount thereof, and that said debtor has not property, within affiant’s knowledge, within this state, subject to execution, sufficient to satisfy such judgment. [R. S. art. 183, sub. 3.] It then follows with the statements required by article 185 of the Revised Statutes. The court erred in sustaining the garnishee’s general exception to the affidavit.
Reversed and remanded.