MAYHEW et al. v. COMMISSIONERS'
COURT OF CORYELL COUNTY
et al. (No. 6112.)

(Court of Civil Appeals of Texas. Austin. July 5, 1919. Rehearing Denied Oct. 15, 1919.)

1. SCHOOLS AND SCHOOL DISTRICTS ⊜30— WHEN REQUIREMENT AS TO AREA OF DISTRICT INAPPLICABLE.

A school district created prior to 1905 was not required to contain nine square miles, and, its area never having been reduced, Rev. St. art. 2815, has no application.

2. SCHOOLS AND SCHOOL DISTRICTS ⊜97(4) —SHERIFF'S RETURN OF BOND ELECTION WITH JURAT OF DEPUTY COUNTY CLERK, VALID.

A sheriff's return in the matter of a school district bond election, bearing the jurat of the county clerk by his deputy, was authorized by Rev. St. art. 1749.

3. SCHOOLS AND SCHOOL DISTRICTS ⊜97(4) —WHEN NOTICE OF BOND ELECTION SUFFICIENT.

When the statute prescribing the mode of notice of a school district bond election has not been complied with, it rests upon him, asserting the legality of the election, to prove satisfactorily that sufficient notice was given the voters, that they in fact had actual notice, and that failure to give the prescribed notice did not affect the result.

4. STIPULATIONS ⊜14(2)—STIPULATION CONSTRUED TO SHOW NOTICE OF BOND ELECTION TO ALL VOTERS.

In suit to restrain the approval and sale of bonds voted by a school district, an agreement or stipulation that the voters of the district had had actual notice of the bond election, notice of which was not posted as prescribed by statute, in the absence of any words of limitation, must be construed to mean that all the voters of the district had notice.

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Suit by F. M. Mayhew and others against the Commissioners' Court of Coryell County and others. From judgment for defendants, plaintiffs appeal. Affirmed.

Mears & Watkins, of Gatesville, for appellants.

H. E. Bell, of Gatesville, for appellees.

Findings of Fact.

JENKINS, J. This suit was brought by appellants to enjoin appellees from approving and selling certain bonds that had been voted by the Pancake common school district No. 15, in Coryell county.

The alleged grounds for such injunction are: (a) Said district never had any legal existence; (b) it was illegal in that it contained less than nine square miles; (c) there was no legal notice of the election.

At the May term, 1889, the commissioners' court of Coryell county ordered the county surveyor to make out the field notes of all of the school districts of that county. At the August term, 1889, the county surveyor presented his account for preparing the field notes of the school districts in Coryell county in accordance with said order, which account was approved and allowed.

The surveyor's report was filed in the office of the county judge, and the field notes of the school districts, as represented and approved, were recorded in a book in the office of the county judge known as the book for "School Districts" of Coryell county. Among the field notes in said surveyor's report and recorded in said book are those of Liberty district No. 15, which contained less than seven square miles. At the November term, 1909, the commissioners' court added certain territory to district No. 15, thereby increasing it to seven square miles, and changed its name to Pancake district. On June 11, 1917, the county surveyor resurveyed the Pancake district, including in his field notes about one square mile, giving to said district eight square miles. On June 18, 1917, the county board of school trustees made and entered an order defining the Pancake district in accordance with such field notes. The majority of the votes cast at said election were in favor of the issuance of the bonds.

School trustees have been elected for district No. 15, and school has been taught therein each year since 1889. August 13, 1901, the commissioners' court ordered the trustees of said district to sell the old schoolhouse therein. November 14, 1910, the commissioners' court declared the result of an

election in said district to levy a special tax therein, and levied the same.

### Opinion.

[1] We hold that the facts as hereinbefore stated show that the district was a legal common school district at the time the bond election was held. The district having been created prior to 1905, it was not required to contain nine square miles, and, its area having never been reduced, article 2815, R. S., has no application.

[2] We do not think that there is any merit in the objection to the sheriff's return that it has the jurat of the county clerk by his deputy. This is authorized by article 1749, R. S.

[3] The law in force at the time the election was held required notices of the election to be posted in three places in the district in which the election was held. This was not done, but instead thereof the notice was published in a newspaper in Coryell county for three consecutive weeks before the election. The purpose of giving notice of an election is that the voters may be advised as to the time and place of the election, by whose authority held, and the matter to be voted upon, so that each may have an opportunity to vote at such election if he so desires. If sufficient notice be not given, the election will be declared void. When the statute directing how such notice shall be given is complied with, the sufficiency of the notice is conclusively presumed. When such statute is not complied with, it rests upon him who asserts the legality of the election to prove by satisfactory evidence that sufficient notice was given to the voters, and that in fact the voters had actual notice of the election, and that the failure to give the prescribed notice did not affect the result of the election. Cochran v. Kennon, 161 S. W. 69, and authorities there cited.

[4] In the instant case it was agreed "that the voters of said common school district No. 15, known as Pancake, had actual notice of said election, as above set forth." "As above set forth" refers to the finding of fact by the court that the voters of said district had actual notice of the proposition to be voted on, and the time and place of holding the election. The agreement "that the voters of said common school district No. 15 had actual notice of said election," in the absence of any words of limitation, must be construed to mean that all of the voters of that district had such notice.

It was neither alleged nor proven that any qualified voter in said school precinct failed to vote at said election. The vote was for the bonds, 19; against the bonds, 11.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.