CULP v. COMMISSIONERS' COURT OF CORYELL COUNTY. (No. 6151.)

(Court of Civil Appeals of Texas. Austin. July 5, 1919. Rehearing Denied Oct. 15, 1919.)

1. HIGHWAYS &#8683;64—NECESSITY OF ROAD ESTABLISHED BY PETITION AND APPROVAL OF COMMISSIONERS.

The question of the necessity of a public road is wholly for the determination of the petitioners, and where so determined by them and the commissioners' court, and where proper legal steps have been taken, the question is not subject to review by the district court in suit to enjoin opening of the road.

2. OFFICERS &#8683;105—OATH OF JURY OF VIEW OF HIGHWAY DULY CERTIFIED BY DEPUTY COUNTY CLERK.

As, under Rev. St. 1895, art. 1139, the county clerk's deputies "shall act in the name of their principal and may do and perform all such official acts as" the clerk may perform, where, in proceedings to lay out a public highway, the notices issued, the appointment of the jury of view, and oaths of such jury were signed, sworn, and certified in the form, "B., Co. Clerk, by V., Deputy," they were in proper legal form.

Appeal from District Court, Coryell County; J. H. Arnols, Judge.

Suit by Joe S. Culp against the Commissioners' Court of Coryell County. Judgment for defendants, and plaintiff appeals. Affirmed.

Mears & Watkins, of Gatesville, for appellant.

H. E. Bell, of Gatesville, for appellees.

KEY, C. J. This is an injunction suit in which the plaintiff sought to prevent the opening of a public road upon his land. There was a judgment in favor of the defendants, and the plaintiff has appealed.

Finding them to be correct, we adopt the findings of fact and conclusions of law of the trial court, as follows:

"(1) It appears from plaintiff's petition that petition was properly prepared in accordance with law praying for the road to be laid out in terms of law, and that notice thereof was given in the form as pleaded by the plaintiff for the requisite number of days, and that the jury of view was appointed regularly by the commissioners' court of Coryell county, Texas.

"(2) It is complained in plaintiff's petition that the notices issued, the appointment of the jury of view in question, and the oaths of the jury of view, were signed, sworn, and certified in the following form: 'J. W. Burleson, Co. Clerk, by V. N. Bentley, Deputy.'

[1] "(3) I find that the signers to the peti-

tion and the commissioners' court determined that the public road in question was a necessity, and that under the decisions of Haverbekken v. Bosque County, 204 S. W. 1162, by the Supreme Court of Texas, the question for the necessity of the road is wholly for the determination of the petitioners, and is a question not subject to review by the district court, where the proper legal steps have been taken.

"(4) The jury of view allowed the plaintiff $260 as compensation for his land and to cover his damage, and this amount has been legally tendered to him by the county treasurer, but has been refused, it being understood that the county would build plaintiff a stock gap at place designated.

"(5) In connection with the findings of fact aforesaid, I find the following conclusions of law:

[2] "(1) Under article 1139 of Revised Statutes of Texas 1895, I find that the deputies of the county clerk 'shall act in the name of their principal, and may do and perform all such official acts as may be lawfully done and performed by such clerk in person.' I conclude, therefore, that form of the oaths to the jury of view and the notices and certificates in question followed the statutes, and are in proper and legal form.

"(2) I find as a matter of law that the jury of view and the commissioners' court allowed plaintiff sufficient damages to compensate him for his land and loss.

"(3) I find under the decision of Haverbekken v. Bosque County, above referred to, and by the Supreme Court, 204 S. W. 1162, that the question for the necessity of the road is to be determined by the petitioners, and that the nine-months time, as pleaded by the plaintiff, does not apply to the character of roads in question in this case, but applies only to the character of roads in the opening of which the commissioners' court may take the initiative without the necessity of a petition.

"(4) I find as a matter of law that the commissioners' court has acted in a legal and a proper manner, and that the appointment of the jurors of view and their qualifications was in compliance with law, and that all other things done in the matter of opening the road in question has followed the law, and there is no escape from the conclusions that the road has been laid out legally, and that both temporary writ of injunction and the permanent writ of injunction should be denied.

"(5) There is another finding of fact which I should have made above, but insert here, and that is that there is no question but that as many as three of the jury of view took the oath prescribed by law before the jury of view entered upon their duties and viewed out the road in question, and that the premises of plaintiff are now fenced.

"(6) I am irresistibly led, therefore, to the conclusion that the law is with the defendant, and judgment will be rendered in defendant's favor."

No reversible error has been shown, and the judgment is affirmed.

Affirmed.