**MARION MACH. FOUNDRY & SUPPLY CO. v. CENTRAL MOTOR CO. et al.**
(No. 197.)

(Court of Civil Appeals of Texas. ·Eastland. April 23, 1926. On Rehearing May 28, 1926.)

**1. Appeal and error ⬥839(1).**

Court of Civil Appeals will not pass on question which lower court did not pass on.

**2. Affidavits ⬥12.**

Jurat in name of county clerk by his deputy is good, in view of Rev. St. 1925, art. 1938.

**3. Garnishment ⬥88.**

Garnishment affidavit alleging that garnishee had in his hands effects belonging to defendants, or one of them, is not objectionable as being indefinite and uncertain.

**4. Evidence ⬥44—Garnishment ⬥87.**

Affidavit for garnishment, containing seal of county clerk, held not objectionable for his failure to name county, as court will judicially notice who was county clerk of certain county.

Appeal from Eastland County Court; T. J. Cunningham, Judge.

Action by the Marion Machine Foundry & Supply Company against C. M. Fouts and another, with the Central Motor Company as garnishee. From the judgment quashing the garnishment writ, plaintiff appeals. Reversed and remanded.

M. McCullough, of Eastland, for appellant.
G. W. Dunaway, of Ranger, and Scott W. Key, of Eastland, for appellees.

LITTLER, J. Appellant filed its suit on July 20, 1925, against C. M. Fouts and W. A. Sudderth, on two promissory notes aggregating $675. On July 20, 1925, the appellant, as plaintiff below, filed application for writ of garnishment against Central Motor Company, a corporation of Waco, in McLennan county, Tex. The application for garnishment required the garnishee to answer if it was indebted to or had property of defendants Fouts and Sudderth in its possession or under its control. The writ of garnishment issued the same day directed the garnishee to answer accordingly. On October 21, 1925, defendant Fouts filed a motion to quash the writ of garnishment, alleging that the funds referred to in the garnishee's answer are exempt to him as current wages for personal services, and also alleging fatal defects in the application for and writ of garnishment. On October 24, 1925, both defendants Fouts and Sudderth filed replevin bond for release of the funds in garnishee's answer to be due Fouts. On November 4, 1925, after hearing of the motion to quash, the court entered final judgment quashing the garnishment writ and awarding the garnishee his attorney's fee of $15.

The record does not disclose any final judgment in favor of appellant in the original suit against appellee; however, after the court passed on the writ of garnishment and denied judgment against garnishee, we must presume that there was a final judgment in their original suit.

Garnishee answered, showing an indebtedness of $138.55 to Fouts and suggested exemption and other defenses available to Fouts. The answer of garnishee and the testimony of Fouts is to the effect that Fouts was selling Dodge automobiles for garnishee in and around the town of Ranger, Tex.; that he would receive a car from garnishee, place it in a garage in Ranger, exhibiting the same for sale, and, when a sale was made, garnishee would pay him 5 per cent. on the original cost price of said car: said

5 per cent. being paid as a commission on the sale. Fouts further testified that sometimes he would take an old car as part of the purchase price and then resell the old car, but that the 5 per cent. commission was calculated upon the original cost price of the car. Fouts further testified that sometimes his commission would amount to $100 per month and sometimes more and that it had run as high as $400.

We cannot agree with appellee that this statement of facts bears out his contention that the commission received by Fouts for the sale of the cars can be claimed as current wages. It does not appear it is considered as wages by either Fouts or garnishee, but that the cars were placed in his hands to be sold on commission, and the monthly compensation will be based entirely upon the number of cars sold and the original cost price of said cars; hence we conclude that the trial court erred in holding that said commission was current wages.

The only other question to be considered is the sufficiency of the application or affidavit for garnishment, which, in full, is as follows:

"Marion Machine, Foundry & Supply Company v. C. M. Fouts et al., Defendants, Central Motor Co., Garnishee. No. 4238.

"In the County Court at Law of Eastland County, Texas.

"To the Honorable County Court at Law of Said Eastland County:

"The above-named plaintiff, Marion Machine, Foundry & Supply Company, by M. McCullough, its agent and attorney, respectfully, shows that it is plaintiff in a certain cause in this court numbered 4237 on the docket thereof, and wherein C. M. Fouts and W. A. Sudderth are defendants.

"(2) That plaintiff sued defendant in said suit for a debt amounting to the sum of $804. That said debt is just, due, and unpaid, and defendants have not, within the knowledge of plaintiff, or of the person making affidavit in support of this application, property in their possession within this state subject to execution sufficient to satisfy such debt, and that the garnishment now applied for is not sued out to injure either the defendants or the garnishee, and that said defendants have not, within the knowledge of plaintiff, or of the person making affidavit in support of this application, property in their possession within this state subject to execution sufficient to satisfy such judgment.

"That plaintiff has reason to believe and does believe that Central Motor Company, a corporation, resident of the city of Waco in McLennan county, state of Texas, who resides in McLennan county, Tex., is indebted to the defendant, and that it has in its hands effects belonging to the defendants or one of them. Wherefore plaintiff prays for writ of garnishment on said Central Motor Company, a corporation, and for further proceedings thereon as in like cases are provided by law.

"M. McCullough, Counsel for Plaintiff.

"M. McCullough, agent and attorney for the plaintiff mentioned. in the foregoing application, being duly sworn upon his oath, says that the facts therein stated are true. ·

"M. McCullough.

"Sworn to and subscribed before me this 20th day of July, 1925.

"[Seal.] Ernest· H. Jones, Co. Clk.,

"By E. E. Layton, Deputy."

Appellee makes the following objections to the affidavit for garnishment: That the affidavit for garnishment is fatally defective because it was not sworn to, it appearing on the face of the record that the jurat of the officer taking the oath is a nullity, same being "Sworn to before me, Ernest H. Jones, County Clerk, by E. E. Layton, Deputy." That the garnishment writ was void for the reason that the affidavit is insufficient, in that there are two defendants in the main suit and the wording of the affidavit is in the following language:

"That said debt is just, due, and unpaid, and defendants have not property in their possession sufficient to satisfy such debt."

We cannot agree with appellee that the jurat of the affidavit is fatally defective. Article 1938, R. S. 1925 (article 1749, R. S. 1911), requires deputy to act in the name of his principal; hence a jurat in name of county clerk by his deputy is good. Mayhew v. Commissioners' Court (Tex. Civ. App.) 214 S. W. 943; Culp v. Commissioners' Court (Tex. Civ. App.) 214 S. W. 944.

The objection to the affidavit, that it is indefinite and uncertain, because of the allegation that the garnishee had in his hands effects belonging to defendants, or one of them, is not well taken under the decisions in White v. Lynch, 26 Tex. 195.

We, therefore, conclude that the trial court erred in quashing the writ of garnishment; appellee Fouts having replevied the $138.55, which is shown to be due him by garnishee.

Under the case of Clayton v. Stephenson (Tex. Civ. App.) 254 S. W. 507, and the authorities cited thereunder, we conclude this cause should be reversed, and judgment rendered on the replevy bond, against the principal and sureties thereon, for the sum of $138.55, with interest thereon from November 4, 1925, and it is accordingly done:

Reversed and rendered.

### On Motion for Rehearing.

[1] Appellee, in its motion for rehearing, insists that this court erred in holding that the funds in the hands of the garnishee were not current wages, and therefore subject to garnishment. Upon further examination of the record we find that this question was not passed upon by the lower court, although there was some evidence introduced on this phase of the case. However, the lower court only passed upon the motion to quash the writ of garnishment.

We therefore conclude that we were in error in passing upon the question as to

whether or not the funds in the hands of garnishee were subject to garnishment; hence our original opinion is now withdrawn.

[2, 3] The only question to be considered is the sufficiency of the application or affidavit for garnishment, which, in full, is as follows:

"Marion Machine, Foundry & Supply Company v. C. M. Fouts et al., Defendant, Central Motor Co., Garnishee.  No. 4238.

"In the County Court at Law of Eastland County, Texas.

"To the Honorable County Court at Law of Said Eastland County:

"The above-named plaintiff, Marion Machine, Foundry & Supply Company, by M. McCullough, its agent and attorney, respectfully, shows that it is plaintiff in a certain cause in this court numbered 4238 on the docket thereof, and wherein C. M. Fouts and W. A. Sudderth are defendants.

"(2) That plaintiff sued defendant in said suit for a debt amounting to the sum of $804. That said debt is just, due, and unpaid, and defendants have not, within the knowledge of plaintiff or of the person making affidavit in support of this application, property in their possession within this state subject to execution sufficient to satisfy such debt, and that the garnishment now applied for is not sued out to injure either the defendants or the garnishee, and that said defendants have not, within the knowledge of plaintiff or of the person making affidavit in support of this application, property in their possession within this state subject to execution sufficient to satisfy judgment.

"That plaintiff has reason to believe and does believe that Central Motor Company, a corporation, resident of the city of Waco in McLennan county, state of Texas, who resides in McLennan county, Texas, is indebted to the defendant, and that it has in its hands effects belonging to the defendants or one of them. Wherefore plaintiff prays for writ of garnishment on said Central Motor Company, a corporation, and for further proceedings thereon as in like cases are provided by law.

"M. McCullough, Counsel for Plaintiff.

"M. McCullough, agent and attorney for the plaintiff mentioned in the foregoing application, being duly sworn upon his oath, says that the facts therein stated are true.

"M. McCullough.

"Sworn to and subscribed before me this 20th day of July, 1925.

"[Seal.]      Ernest H. Jones, Co. Clk.,
"By E. E. Layton, Deputy."

Appellee makes the following objections to the affidavit for garnishment: That the affidavit for garnishment is fatally defective because it was not sworn to, it appearing on the face of the record that the jurat of the officer taking the oath is a nullity, same being "Sworn to before me, Ernest H. Jones, County Clerk, by E. E. Layton, Deputy." That the garnishment writ was void, for the reason that the affidavit is insufficient, in that there are two defendants in the main suit and the wording of the affidavit is in the following language:

"That said debt is just, due, and unpaid and defendants have no property in their possession sufficient to satisfy such debt."

We cannot agree with appellee that the jurat of the affidavit is fatally defective. Article 1938, R. S. 1925 (article 1749, R. S. 1911), requires deputy to act in the name of his principal; hence a jurat in name of county clerk by his deputy is good. Mayhew v. Commissioners' Court (Tex. Civ. App.) 214 S. W. 943; Culp v. Commissioners' Court (Tex. Civ. App.) 214 S. W. 944.

The objection to the affidavit, that it is indefinite and uncertain, because of the allegation that the garnishee had in his hands effects belonging to defendants, or one of them, is not well taken under the decisions in White v. Lynch, 26 Tex. 195.

[4] Appellees further object to the affidavit on account of the county clerk not naming the county. However, we conclude that this objection is not well taken, for the reason that the seal of the county clerk was properly impressed on the affidavit, and this court will take judicial knowledge of who was county clerk of Eastland county.

In an action to foreclose the lien of a judgment in a county, where an abstract of the judgment rendered in another county is filed, the court will take judicial notice of who was clerk of the county in which the court is sitting at the time of filing of such abstract and of his official signature to the certificate thereto. Goodwin v. Harrison, 28 Tex. Civ. App. 7, 66 S. W. 308.

We therefore conclude that the trial court was in error in sustaining the motion of the appellees to quash the writ of garnishment.

Reversed and remanded.